BENSON, Sheriff &c., *vs.* BERRY and ESTES, impleaded, &c.

Although a constable having an attachment against property already levied upon by the sheriff by virtue of an execution, may levy his attachment upon such property, yet he has no right to remove it from the custody of the sheriff and of the law ; and if, while he is attempting to remove such property, it is destroyed, he is liable to the sheriff, for the value.

The plaintiff in an execution cannot lose his lien acquired by a levy upon the property of his debtor, without some fault on his part.

An exception will not lie to the refusal of the judge to charge as requested, where there are no facts proved upon which the jury could legitimately find as desired.

APPEAL from a judgment rendered upon a verdict at the Onondaga circuit in January, 1864. ·

*D. Pratt,* for the plaintiff.

*Geo. W. Gray,* for the defendants.

*By the Court,* FOSTER, J. The action was brought to recover the value of a pipe of gin, which the plaintiff had levied upon, and which was subsequently taken by the defendants upon an attachment, and on the removal of which, by the defendants, the cask burst and the gin was lost.

It appeared that on the 19th of March, 1863, the plain-

tiff by his deputy, Joshua G. Osterhout, received an execution in due form for about $500, upon a judgment in favor of one Charles C. Blair, against one Robert C. Campbell, against his goods, chattels, &c., and that on the next day he levied upon the goods of Campbell, in his store, including the gin in question, and left the property so levied upon in the charge of one Ashley, who had before and until then been a clerk of Campbell; the deputy giving Ashley no instructions in regard to the disposition to be made of the property. The goods remained in the charge of Ashley until the 17th day of April, 1863, Ashley in the mean time having sold some of the goods to customers, when the defendant Berry, who was a constable, also levied upon the gin, it being still in the store of Campbell, and left it remaining there after such levy. On the same evening, at about 10 or 11 o'clock, Osterhout closed the store and took the key into his own possession; after which, and in the same night, the defendants Berry and Estes, in his aid, broke open the store and removed the gin, and in doing so it was lost, as before stated. Osterhout afterwards sold the residue of the goods remaining in the store, which he had levied on, the proceeds of which left still due on his execution from $160 to $175. There was no evidence to show that Blair, the plaintiff in the execution, had given any orders for delay; or that he had assented to any delay; or that he had given the sheriff any instructions whatever.

When the testimony was closed, the defendants' counsel moved for a nonsuit, which motion the judge denied; to which the defendants' counsel excepted.

- The defendants asked the court to charge the jury, that if they believed from the testimony that the levy was made or held for the purpose of covering the property, and allowing the owner to dispose of it for his own benefit, then it was not good, as against the attachment. The court refused so to charge, and the defendants excepted.

The defendants requested the court to charge that it was proper for Berry to make the levy upon the property, and if he believed there was danger of its being disposed of, or removed, so as to defeat his attachment, he was justified in removing it, and if there was good care on his part, and it was accidentally destroyed, the plaintiff could not recover if there was such danger of removal. The court refused so to charge; to which the defendants excepted.

The defendants requested the court to charge that if the sheriff levied upon the property in such a manner and left it in the possession of the defendant in the execution, or his agent, to dispose of in such a manner, as not to apprise others of the levy, and so that the same might be disposed of and squandered, and the defendants, without notice of the levy, attached this property, the plaintiff could not recover, and the defendants, under the attachment, would be justified in removing the property. The court refused so to charge; to which the defendants excepted.

The defendants requested the court to charge that if the sheriff levied upon property enough to satisfy the execution and the attachment, and the plaintiff suffered it to be squandered by Campbell, so that he could not satisfy the execution out of the property, he could not recover. The court refused so to charge; to which the defendants excepted.

The court decided that no question should be submitted to the jury, except the question of how much there was due upon the execution. To which decision and refusal the defendants excepted.

The court further ordered the jury to bring in a verdict against the defendants Berry and Estes for the amount due on said execution; to which order and decision the defendants excepted.

The jury found a verdict against the defendants Berry

Benson *v.* Berry.

and Estes for $160, and a verdict in favor of the defendant Little:

It is true that the defendant Berry had a right to levy his attachment upon the property in question; but he had no right to remove it, for it was already in the custody of the sheriff and of the law; and if the sheriff suffered it afterwards to be squandered or misapplied, he was responsible for such neglect, as well to the plaintiff in the attachment suit as to the plaintiff in the execution, and the charge, to the proposition alluded to, was therefore correct.

Each of the other rulings and decisions of the court which were excepted to, were also correct. There were no facts to submit to the jury upon which they could legitimately find as desired by the defendants' counsel. Nothing to prove collusion between the sheriff, even, and the defendant in the execution, or from which the jury could infer it; nothing even to show that the sheriff or Osterhout were ever aware that Campbell owed any other debts than the one included in the execution; no order for delay from the plaintiff in the execution, or any interference on his part with the duties of the sheriff. The execution was not stale. It had not run half of the sixty days, when the defendants took the property. And there was not only no authority cited on the argument to sustain the propositions of the defendants, but I am not able to find any such; while the law is well settled that the plaintiff in an execution cannot lose his lien acquired by a levy upon the property of his execution debtor, without some fault on his part.

The judgment should be affirmed.