# SUPREME COURT.

## PEOPLE OF THE STATE OF NEW YORK, *ex rel.* MATHEW GALSTEN agt. BENJAMIN BROOKS.

A *bankrupt's discharge* from imprisonment (2 *R. S.*, 32,) obtained before a county judge set aside as null and void, for the following reasons:

*1st.* The proceedings of the debtor were not had nor his final discharge granted, at a *regular term* of the county court.

*2d.* The term of the county court having adjourned without day pending the proceedings, put an end to them. The subsequent proceedings had before the county judge, were *coram non judice* and wholly *void.*

*3d.* The *account* of the debtor's estate presented, was fatally defective, and did not authorize the county court to proceed in the case.

*4th.* The voluntary proceedings in bankruptcy was a fraud upon the statute, under which the debtor sought to obtain his discharge.

This court has power to review the decision of the county court, for this error, as well as for want of jurisdiction.

*General Term, Fifth Judicial District, October,* 1869.

BACON, FOSTER, MORGAN, *and* MULLIN, *Justices.*

CERTIORARI to the county court of Onondaga county to remove proceedings into this court.

The return shows that Matthew Galsten obtained two judgments against Benjamin Brooks, in the supreme court for a sum less than $500; that executions issued against him upon which he was arrested and imprisoned; that during his imprisonment he applied for and obtained the benefit of the bankrupt act, and by virtue thereof assigned all his property to his assignees in bankruptcy, and afterwards presented his petition to the county court to be discharged from the imprisonment on making an assignment, as provided in article 5, title 1, chapter 5, (2 *R. S.*, 31.) This was accompanied with an account of his estate including only such property as remained to him after transferring the bulk of it to his assignees in bankruptcy.

It did not purport to include what he had at the time of his imprisonment, as required by the 4th section of article 8, above mentioned. The relator appeared and objected to the proceedings upon the ground that the account thus presented was not in compliance with the statute; also upon the ground of the voluntary assignment in bankruptcy.

The county court overruled these objections, and after the petitioner was sworn, and had concluded his testimony, the relator again objected that the voluntary proceedings in bankruptcy was a fraud upon the act under which the defendant was proceeding to obtain his discharge. The objection was overruled and an assignment directed by the court. The court then adjourned without day; afterwards the defendant appeared before the county judge, and obtained a discharge, signed by the county judge, reciting the former proceedings and stating that the said Benjamin was "in court" when the discharge was signed.

HUNT & GREEN *for relator.*
GOTT & GARFIELD, *for Brooks.*

*By the court,* MORGAN, J.—The proceedings before the county judge were conducted very loosely, and although the discharge purports to have been granted by the court, it is conceded that it was not granted at any regularly appointed or adjourned term. Nor is there any caption or other memorandum or certificate, showing that it was granted by the county court. The most we know is that it is signed by the county judge, who certifies that the proceedings took place in court, but by whom held or at what place does not appear. For anything that appears, the court may have been held in another county or in some other building than the one designated by law for holding the county courts.

Assuming, however, that the final discharge was granted

by the county judge while holding a county court, it was open only for the transaction of *ex parte* business. *(Code of Procedure, section* 31.) The proceedings of the debtor under the statute above referred to, could be had only at a regular term of the county court. (2 *R. S.*, 32, *sections* 6 *and* 7.) And the final discharge must be granted either at the same term on some day thereof, or at the *next term.* *(Id., sections* 7 *and* 8.) As these proceedings were not adjourned to the next term, the adjournment of the court without day put an end to them. The subsequent proceedings had before the judge were *coram non judice*, and wholly void for want of jurisdiction, as they were had before him neither at a regularly appointed, or adjourned term, and his court, opened only for *ex parte* business, had no authority to entertain proceedings which had fallen through the regular term. Although the judge may decide a matter in court after the adjournment of the term, the order must be entered as of the term when the matter was submitted.

I am, also of opinion that the account of his estate presented by the debtor was fatally defective, and did not authorize the county court to proceed in the case. (2 *R. S.*, 31, *section* 4; *People* agt. *Banker*, 1 *Seld.*, 123; *Spear* agt. *Wardwell*, 1 *Comst.*, 144.)

I am, also of opinion, that the voluntary proceedings in bankruptcy was a fraud upon the statute under which the debtor sought to obtain his discharge, and that the county court should have refused the discharge upon that ground. (*People* agt. *Banker, supra* 107.)

I am, also of opinion, that we have power to review the decision of the county court for this error, as well as for want of jurisdiction. (2 *R. S.*, 49 *section* 47; *Morewood* agt. *Hollister*, 2 *Seld.* 309.)

The discharge should be adjudged, void and annulled.

Proceedings reversed, and discharge adjudged void.