# Henry C. Stevens, Respondent, *v.* Seth F. Benton, Appellant.

### (General Term, Fifth District, October, 1869.)

By taking his appeal from the judgment of a justice of the peace in form as for a new trial, the appellant does not waive the right to insist that an attachment, through which the justice took cognizance of the case, was void. Per Foster, J.

Or to raise in the appellate court as fully as he might if he had appealed on questions of law only, all questions properly raised in the court below, excepting those to proceedings which took place on the trial of the action. *Id.*

The affidavit presented to a justice of the peace under the act to abolish imprisonment for debt (1831, § 33), as the basis for a short attachment, need not state facts showing any fraudulent or improper act, as required in the affidavit on application for a long attachment. *Id.*

But quere, whether an objection that the affidavit does not state the facts which show that the claim is on contract, and which render a warrant impossible under section 30, is not available to the defendant. *Id.*

When it appears on the return of an attachment issued under section 33, that property has been attached, but that a copy of the inventory and attachment have not been personally served, the justice obtains no jurisdiction of the person until the return of a summons. (§ 38.) *Id.*

If therefore, the defendant appears on return of the summons, joins issue, &c., without objecting to the sufficiency of the affidavit upon which the attachment issued, he waives an irregularity in that respect; and this is so, although he appeared specially for the purpose and took the objection on return of the attachment. *Id.*

The plaintiff in an action to recover for his services under an agreement, to remunerate and board him in consideration thereof, may show the value of his services with or over and above board, by the testimony of a witness who has had no knowledge of the value of the board furnished. *Id.*

He may not show the compensation paid him for like services by a former employer in whose service he had been, directly before the services in question, and who had taken him into employment after a prior engagement with the defendant.

Stevens *v.* Benton.

APPEAL from an order of the County Court of Oneida county, denying a new trial. The material facts are stated in the opinion.

*J. D. Kernan,* for the appellant.

*S. J. Burrows,* for the respondent.

Present—BACON, FOSTER, MORGAN and MULLEN, JJ.

By the Court.—FOSTER, J. On the 17th day of June, 1868, the plaintiff appeared before Dexter Gilmore, a justice of the peace of the county of Oneida, and made oath in writing that Seth F. Benton was justly indebted to him on a demand, arising on contract, in the sum of $200 over and above all discounts, &c. That Benton was not a resident of the county of Oneida *" and that no warrant can issue against him on the demand of this deponent, according to the act to abolish imprisonment for debt and to punish fraudulent debtors."* He also gave bail pursuant to the said act, and demanded that an attachment be issued.

The justice thereupon issued a short attachment in the usual form, returnable before him on the 19th day of the same month.

On the 17th day of June the constable levied the attachment on certain personal property of the defendant in the possession of one Battey, and served a copy of the attachment and inventory of the property on Battey, as appeared by his return; and he further returned to the attachment, that he did not find the defendant in the county, but that he was absent therefrom; and that he had no residence therein.

At the time and place mentioned for the return of the attachment, the parties were called by the justice, and the plaintiff appeared in person, and by his attorney; and the defendant appeared by William P. Battey, *for the purpose of making objection to the process;* and was sworn as to his authority. And he objected to the attachment on the ground, that the affidavit on which it issued was insufficient,

and the attachment wrongfully issued.   The justice over-
ruled the objection.   The counsel for the defendant declined
to appear and answer generally, and the justice issued a
short summons returnable on the 22d of June.   The con-
stable returned the summons, with his return thereon, by
which it appeared, that after diligent search, the defendant
could not be found in the county, and had no residence
therein.

On the 22d of June both parties appeared, and the plain-
tiff claimed against the defendant in writing for work, labor,
and services, done and performed for him by the plaintiff,
and demanded judgment in the sum of $200.

The defendant answered in writing, denying the complaint
and claiming that the work, labor and services were per-
formed by the plaintiff under a special contract for a specified
sum.   That the whole amount had been paid to him, and
that there was a balance due to the defendant of five dollars
and sixty-four cents, which he claimed to recoup; but no
objection was then taken to the sufficiency of the affidavit on
which the attachment was issued, nor was any such objection
afterward made in the justice's court.

The action was afterward tried before the justice and a
jury, and a verdict was rendered in favor of the plaintiff for
$126.25, for which judgment was rendered with costs.

The defendant appealed to the County Court, and in his
notice of appeal desired a new trial in that court, and stated
as grounds of appeal that the judgment was contrary to the
law and evidence of the case.   That the justice erred in
refusing to nonsuit the plaintiff and in the admission of evi-
dence, and that the judgment should have been more favorable
to the defendant.

In the County Court, when the case was called for trial,
the counsel for the defendant moved that the judgment of the
justice be reversed, on the ground that the affidavit on which
the attachment issued was insufficient, and that it did not
sufficiently set forth the facts and circumstances upon which
the application therefor was founded, and that in addition to

Stevens *v.* Benton.

the facts and circumstances set forth, it should have set forth facts and circumstances which would have entitled the plaintiff to a long attachment had the defendant been a resident of the county. The counsel for the plaintiff objected to the motion upon the ground that it had been waived by appealing for a new trial; that the affidavit cannot be returned by the justice, and, if returned, it is unofficial, and this court cannot act upon it; and that by appealing for a new trial, the defendant waived all objection to the sufficiency of the affidavit upon which the attachment issued, and was estopped from raising the question at that time in that court.

The court denied the motion, and the defendant's counsel excepted.

It is quite clear that the County Court, in denying the motion of the defendant's counsel, did not do so because the notice of appeal called for a new trial, for it had just before decided to entertain the motion, and in doing so had overruled precisely the same objections of the plaintiff's counsel, as those above stated, and I have no doubt that in overruling the objections of the plaintiff's counsel the court was correct. The statute authorizes a party to a judgment in a justice's court to appeal to the County Court upon questions of law *only*, in which case no retrial is had; but the questions of law are to be decided upon the evidence and proceedings had before the justice, as returned by him, or he may appeal for a new trial; in which case the justice does not return the testimony taken before him, but returns "the process by which the action was commenced, with the proof of service thereof and the pleadings or copies thereof, the *proceedings* and judgment, together with a brief statement of the amount and nature of the claims litigated," while on an appeal on questions of *law only* the justice returns the testimony, *proceedings* and judgment. (Code of Procedure, § 360.)

I think it is clear, that where a party appeals from a justice's judgment for a new trial, he can, in the appellate court, raise all questions which were properly raised in the court below (except such as were raised to proceedings which

took place on the *trial* of the action), as fully as he could do if the appeal were on questions of law only. The return of the justice in such case, as we have seen, is quite as ample, except in regard to the testimony, as in the case of appeal on questions of law. Indeed, unless the word "proceedings" covers everything that took place in the court below, except "testimony" and "judgment," the return, in case a new trial is asked for, is more comprehensive; for it contains in terms all that is provided for in a return on an appeal on questions of law only, and also the "process," "proofs of service," and "pleadings." And yet I have no doubt that all these are covered by the word "proceedings;" and that the return in both classes of appeals is to be the same, except as to the testimony and rulings upon the trial. The reason for the determination, by the appellate court, of all questions of jurisdiction, and of regularity, which arose in the court below, is the same in both classes of appeals. And, if all such questions do not come up before the appellate court, on an appeal for a new trial, the aggrieved party must either bring two distinct appeals from the same judgment, which surely cannot be done, or else the statute does not give the party an opportunity in the court above to re-try all the questions which arose in the justices' court.

We do not know why the County Court denied the motion to reverse the judgment; but it must have been either because it thought the affidavit on which the attachment was founded was insufficient, or that the question was not properly raised before the justice.

If the question were before us for adjudication, I should have no hesitation in saying that the affidavit on which the attachment was issued was defective, and did not give the justice jurisdiction to issue it. Not, however, for one of the reasons stated by the defendant's counsel, that it did not state facts, which, as against a resident defendant, would have authorized the issuing of a long attachment, for this proceeding was under the act of 1831, and did not, as against a non-resident, require proof of any fraudulent or improper act on

Stevens v. Benton

the part of the defendant to entitle the plaintiff to the attachment, but only that the demand arose on contract, that the defendant was not a resident of the county, and that no warrant under that act could issue against him; but I should hold it to be so, because there were no facts or circumstances set forth to show that the demand was such, that under the act in question, no warrant could be issued against him. No fact or circumstance appeared in the affidavit, from which it could be inferred that a warrant could not issue, except that the demand arose on contract, and yet in many cases of demands, a warrant may issue under the act of 1831, although it arose on contract.

The affidavit should have shown how it arose on contract, so that the justice could judge whether a warrant could issue or not, but as it was, the plaintiff swore to the law instead of the facts. Several authorities are cited on this question and the result of them all I think supports the view which I have taken of it, but I need not cite them, for in my judgment, no such question was in the case.*

When the question was raised before the justice, there had been no service of the attachment, even admitting that it had been regularly issued, which would of itself give the justice jurisdiction of the parties.

The thirty-seventh section of the act in question provides that if the attachment shall be returned personally served on the defendant, the justice shall on the return day, proceed to hear, &c.

* By section 33 of the non-imprisonment act (Laws 1831, ch. 300), an attachment may issue against a non-resident defendant, whenever no warrant can issue under the 30th section of the same act; and the 30th section authorizes a warrant only in cases of (1) money collected by a public officer, (2) official misconduct or neglect of duty; (3) misconduct or neglect in any professional employment. In *Williams* v. *Barnaman* (19 Abb., 69), it was decided that an affidavit that defendants were indebted to plaintiff on a demand arising upon keeping their horses, was sufficient to show that the action was one "arising upon contract express or implied." And, *quere*, if in the affidavit in this case, it had been stated that the action arose on contract for services by plaintiff or for services as bar-keeper, such statement would not have been sufficient to negative any presumption that the case might be one in which a warrant could issue under section 30. [REP.]

The thirty-eighth section provides, that if at the return day it shall appear by the return, that property was attached, and that a copy of the inventory and attachment was not personally served, and the defendant shall not appear, the plaintiff may take out a summons against the defendant, and if such summons shall be returned, that the defendant cannot be found after diligent inquiry, or that the same has been personally served upon the defendant, then, in either case, the justice shall proceed to hear, &c., as upon a summons returned personally served.

The objection to the sufficiency of the affidavit was taken on the return of the attachment not personally served.

The statute which I have set out authorized the justice to thereon proceed and hear the case if the defendant appeared, and by appearance the statute meant a general appearance, for without *such* appearance no jurisdiction was acquired. And without such an appearance the defendant had no standing in the court any more than he had at any time after the issuing of the attachment and before the return thereof. And the justice could not take jurisdiction to decide any question between the parties unless the defendant appeared in such manner as to confer jurisdiction. And if the defendant did not so appear, the only thing which the justice could do, as such, was to issue a summons in pursuance of the thirty-eighth section of the act. It is only upon the return of process which purports to confer jurisdiction, that the defendant can appear specially and object to the regularity of the process.

In my judgment, the only time when the defendant could appear specially and object to the regularity of the attachment proceedings was on the return of the summons, and he could then have claimed that the attachment was irregular, and that jurisdiction was not conferred over him. This he did not do, but he appeared then generally, and he voluntarily joined issue in the action upon the merits. If the objection in question had been taken then and overruled, his immediately thereafter joining issue upon the merits would not deprive him of the right to renew the objection in the

County Court, and also here. He did not do so, but chose to raise it at a time and in a way which did not legally authorize the justice to pass upon it. And for aught that appears, the justice may have overruled his objection for the reason, that he had not then the right to determine the question. At all events, he should have raised the question on the return of ·the summons, and by joining issue then without objection, he conferred jurisdiction, if without that, it had not been previously acquired.

A jury was impanneled, and on the trial it appeared that the plaintiff had been employed by the defendant as a bartender at his saloon and eating house, that he had acted as such for about fifteen months, and that while he was so employed the defendant boarded him. Several witnesses were asked by the plaintiff's counsel "how much were the services of the plaintiff worth with board?" Others were asked, "How much were his services worth over his board?" All of which were objected to as incompetent evidence, unless the witnesses were competent to speak of the value of his board. All the objections were overruled, and the defendant's counsel excepted, and most of the witnesses answered forty dollars per month. One answered fifty dollars; and most of them stated that, without board, his services would be worth fifty dollars or upward per month. It is supposed, by the defendant's counsel, upon the authority of *Lewis* v. *Trickey* (20 Barb., 387), that the court below erred in admitting the testimony so objected to. In that case the action was brought to recover for the services of the plaintiff, who was an infant, and was in the employ of the defendant, for several years, during which time, the defendant boarded and clothed him, and for a portion of the time sent him to school, and paid for his tuition; and the question really was, whether witnesses for the defendant could be allowed without any knowledge, so far as appeared, of the expense of the board, clothing, schooling, or loss of time of the plaintiff, while so attending school, to tell, in gross, what the services of the plaintiff were worth per year, or during the whole time that he was in the

defendant's employment, over and above such board, clothing and tuition. There is some uncertainty as to the precise questions before the court in that case.

In the statement of the case, it appears that the questions were: "What, in your opinion, were the services of the plaintiff worth to the defendant the first year, *under the circumstances he was placed in*, besides his board? And, "What, in your opinion, were his services worth, over and above his board, during the whole time the plaintiff was with the defendant?" But JOHNSON, J., in delivering the opinion of the court, at page 391, says: "The defendant offered to prove by his witnesses what the plaintiff's services were worth, over and above his board, clothing, and schooling, furnished by the defendant, without proving or offering to prove that the witnesses knew the quantity or value of either item, assumed by the question to have been furnished."

In that case the plaintiff was allowed, against objection, to ask a witness "what were the services worth, in your judgment;" and the witness answered, "I should think his services were worth about twelve dollars for the last two years he worked there, for the third year about ten dollars per month, and for the first and second years about eight dollars per month." And this necessarily included his board. And the witness was understood to answer that those were the valuations for his services over and above his board. And the Supreme Court affirmed the decision of the referees who tried the cause.

I do not perceive any essential difference between the questions presented here and that presented in the case referred to. Here, to be sure, the words "over and above" or "with board" are expressed in the question.

There they were implied, but the substance was the same and called for the same answer.

If a person hired another by the month to labor for him and to be boarded in his family without any specified price to be paid for the labor, would he be allowed to diminish the price which he was to receive below the ordinary price of

Stevens *v.* Benton.

such labor by proving that he furnished him with better board than was usually furnished to such laborers, or would the employe be allowed to enhance the price per month by proving that his fare was below that usually furnished in such cases?

It seems to me that the words " with board " and " over and above board," used in the case, tended to simplify the question and render more clear the answer which should be given, and that the ruling of the court below in that respect was correct.

It appeared that the plaintiff had worked for the defendant in the same business before the time in question, and that after the plaintiff left the defendant's employ last before the time in question, he worked for one Griffin in a like employment, and the plaintiff's counsel asked one of his witnesses: " What was plaintiff receiving from Griffin?"  This was objected to by defendant's counsel as an improper mode of proving damages.  The court admitted the testimony, and defendant's counsel excepted, and the witness answered: " He was receiving eleven dollars per week and dinner," &c. This evidence, I think, was clearly incompetent.  If it was for the purpose of showing that to be a fair value of the services of the plaintiff while in the employ of the defendant, it was improper; and if it was designed to show that it afforded evidence that the defendant must have agreed to pay the plaintiff as much as that, it was equally improper.  In the conflict of testimony upon the question of the value of the services, it is impossible to say that it did not affect the result. Indeed, it would seem that it did, for after the jury had retired they in a short time returned into court and requested the court to instruct them " as to whether the plaintiff left Griffin's to commence the services in question for the defendant?"  And the court thereupon read to them from his minutes the evidence relating thereto.  I think for this error alone a new trial should be granted, costs to abide the event.

All concurring in the conclusion.

New trial ordered.