## JACOB CLEARWATER, JR., PLAINTIFF, v. CYRENIUS F. BRILL, DEFENDANT.

*Execution — when constable bound to execute it — Proof of judgment not required in action for wrongful taking of goods levied on.*

A constable, having an execution valid on its face, and issuing from a competent authority, is bound to execute it, even if he have knowledge of facts rendering the execution void.

A constable, being in actual possession of goods by virtue of executions valid on their face, is not bound, in order to maintain an action against a stranger for taking the goods, to prove the judgment. Proof of the execution is sufficient. *Earl* v. *Camp* (16 Wend., 562) explained.

THIS case came before the General Term, under an order made at the Ulster Circuit, directing a verdict for the plaintiff, subject to the opinion of this court. The action was for the wrongful taking from the plaintiff, a constable, certain personal property, held by him under certain executions issued by a justice of the peace against one Dolson. The defendant, the sheriff of Ulster county, avers that he took the same by virtue of an attachment in the Supreme Court against the same Dolson. On the trial the plaintiff gave in evidence five executions against Dolson, issued by a justice of the peace, and also proved the taking of the property by the defendant, and rested. The defendant gave in evidence the attachment issued in the Supreme Court against Dolson, and the plaintiff gave in evidence the affidavits on which it was obtained, to show its invalidity. The defendant also gave in evidence the affidavits and proceedings and judgments under which the executions in the Justice's Court

were issued, in order to show the invalidity of the executions. It was admitted that the defendant took the property by virtue of the attachment. There was no dispute as to value, and, as the case presented only questions of law, the court directed a verdict for the plaintiff, subject to the opinion of the court at General Term.

*F. L. Westbrook*, for the plaintiff. The motion for nonsuit was properly denied. The plaintiff, having not only levied on the property, but having taken and being in the actual possession of it, was not required, in order to maintain this action, to prove a valid judgment. (*Baker* v. *Miller*, 6 Johns., 195; *Spoor* v. *Harlow*, 8 Wend., 445; *Earl* v. *Camp*, 16 id., 569; *Johnson* v. *Carnley*, 6 Seld., 577, 578.) The justice was sufficiently satisfied of the facts to issue his warrant, and third parties cannot attack it collaterally. (*Bascom* v. *Smith*, 31 N. Y., 605; *Van Alstyne* v. *Erwine*, 1 Kern., 340; *Reinmiller* v. *Skidmore*, 7 Lans., 164.) Besides, the defendant was a stranger to those proceedings, and therefore cannot question their validity. (*Moore* v. *Graves*, 3 N. H., 413; *Isham* v. *Ketcham*, 46 Barb., 43; *Van Arsdale* v. *Krom*, 9 Mo., 397.) The rule is well settled that property, having been taken into possession by one officer, by levy under attachment or execution, cannot be taken from him by another officer under another attachment or execution, and such second taking is void, and subjects such second officer to suit for value of property at instance of the the officer who made first levy. (*Freeman* v. *Howe*, 24 How. [U. S.], 450; *Moore* v. *Graves*, 3 N. H., 414; *Vinton* v. *Bradford*, 13 Mass., 114; *Robinson* v. *Ensign*, 6 Gray, 300; *Thompson* v. *March*, 14 Mass., 269; *Benson* v. *Berry*, 55 Barb., 620.) The defendant's remedy, or that of Freer and Hasbrouck, whom he represented, was not by levy on property already in legal custody and taking it out of such custody, but by action to remove the alleged illegal or inequitable obstruction in the way of his levying on and selling the property in question, or to reach its proceeds if it had been sold. (*McElwain* v. *Willis*, 9 Wend., 548, 561; *Bank* v. *Dakin*, 51 N. Y., 519; *Crippen* v. *Hudson*, 3 Kern., 166; *McCartney* v. *Bostwick*, 32 N. Y., 59; Code, § 232; *Kelly* v. *Lane*, 42 Barb., 607; 2 R. S. [Edm. ed.], 4, 5, § 8.)

*M. Schoonmaker*, for the defendant.

LEARNED, P. J.:

It is important to notice that, at the time of the alleged wrongful taking of this property by the defendant, the plaintiff had actual possession of it, by virtue of five executions, each of which was valid on its face. Whatever may have been the irregularity or imperfection of the proceedings before the justice, the constable, having these executions, valid on their face, and issuing from a competent authority, was bound to execute them, and to take the property of Dolson (*Savacool* v. *Boughton*, 5 Wend., 170), even if he had known the facts alleged to render the proceedings void. (*People* v. *Warren*, 5 Hill, 440.) Being thus in the actual possession, by virtue of executions valid on their face, the plaintiff, in order to maintain an action against a stranger for taking the goods, was not obliged to prove the judgment. Proof of the execution was sufficient. (*Spoor* v. *Holland*, 8 Wend., 445.) And, therefore, as against a stranger who takes the goods from the constable's actual possession, the validity of the judgment is not necessary to the action. (*Barker* v. *Miller*, 6 Johns., 195; *Blackley* v. *Sheldon*, 7 id., 32; *Coon* v. *Congden*, 12 Wend., 496).

This matter is examined in the case of *Earl* v. *Camp* (16 Wend., 562). In that case it is said, in general words, that the rule protecting an officer who acts under an execution valid on its face, is one of protection merely; that he is not to be sustained and protected in whatever *actions* he may bring. But it will be found, upon an examination of that case, that no actual possession was taken by the plaintiff. " He seems to have rested his title on his own return to void process." The ground of the action seems to have been the alleged lien, acquired by the process in the hands of the officer; and the court says: " I am aware, all this time, that the case might have been differed, by showing an actual prior possession in the plaintiff." So that nothing therein decided affects the force of the rule above stated, which is also laid down in *Parker* v. *Walrod* (16 Wend., 514).

If, then, the plaintiff, by virtue of these executions, was bound to levy on property of Dolson, and to take the same into his possession, it seems to follow that, when he has done this, and is in actual possession, he may maintain an action against any one who takes the property from him, unless such person shows a better

title. In order then for the plaintiff in the first place to show a right to recover, it was not necessary for him to prove the proceedings before the justice and the judgment. The question then arises, does the defendant stand in such a position that he is entitled, as against the plaintiff, to show that the proceedings before the justice were void for the insufficiency of the papers? It is not pretended that these proceedings were fraudulent as against other creditors. There is nothing to show that they were not taken in good faith. Dolson, against whom the proceedings were had, makes no complaint. If he does not, why should the defendant?

In *Isham* v. *Ketchum* (46 Barb., 43), it was held by the General Term, that a subsequent attachment creditor could not move to set aside a prior attachment on the ground that it was irregularly issued; and the reason given is, that " if the defendant in the action choose to waive such irregularity, and thus in effect secure the payment of the debts on which the first actions were brought, what had the plaintiff in the last two actions to do with that."

It is true that in that case the attachments spoken of were issued under the Code in an action. Therefore the court speak of the attachments being *irregular*, and not of their being *void*. But the general principle is affirmed, that the subsequent attaching creditor cannot take advantage of defects which would be fatal as against the debtor. So in *Bascom* v. *Smith* (31 N. Y., 595), in speaking of an affidavit in a case similar to the present, an affidavit plainly insufficient, the court say : " As against third parties the affidavit is sufficient to sustain the jurisdiction of the justice." By this qualification it is implied that an affidavit which would not give jurisdiction as against the defendant in the proceedings, may be sufficient as against others. In *Clapp* v. *Graves* (26 N. Y., 418) there is an attempt to distinguish between an irregularity and a nullity; and it is said that if the party can waive the objection, it amounts to an irregularity; if he cannot, it is a nullity. There would be no doubt that if Dolson had appeared on the return day of the attachment and answered without objection, he would have waived the defect. (*Stevens* v. *Benton*, 2 Lans., 156; *Malone* v. *Clark*, 2 Hill, 657.) In this view of the case there is nothing to conflict with the doctrine, that, on a question as to the title of the

property in question, between a purchaser at the constable's sale and Dolson himself, the sufficiency of the affidavits to give jurisdiction might be raised. The difference between that case and the present is, that the defendant here is not authorized to put himself in Dolson's place, and to say that the defects in the affidavits shall not be waived. He does not represent Dolson, but other creditors of Dolson.

The case of *Rinchey* v. *Stryker* (28 N. Y., 45) is not in conflict with these views. That only holds that a sheriff, who has attached goods, may show that the title of a plaintiff, claiming by assignment from the defendant in the attachment, is fraudulent as against the attaching creditor. That decision belongs to an entirely different class of cases from the present.

There is another point in this case, and that is, that, inasmuch as the property was in the hands of an officer by levy under execution, no other officer has a right to take it away, although he may levy. (*Benson* v. *Berry*, 55 Barb., 620; *Freeman* v. *Howe*, 24 How. [U. S.], 450; *Peck* v. *Jenness*, 7 id., 624.) This seems to be a wise principle to prevent confusion or unseemly strife. But without passing on this point, we prefer to rest our decision on the other ground, that the defendant, as an officer with attachments against Dolson, had not a right to show, as against the plaintiff, who was in actual possession of the goods by virtue of executions against Dolson, that the affidavits on which the proceedings were based were defective, although the defect was such that Dolson might claim that the proceedings were void.

The plaintiff must have judgment on the verdict.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment ordered for plaintiff on the verdict, with costs.