# N. Y. COMMON PLEAS.

## In the Matter of DANIEL H. FITZGERALD.

*Arrest — Imprisoned judgment debtor — application for discharge under article 6, title 1, chapter 5, part 2, Revised Statutes — Assignment in bankruptcy a bar.*

An application by an imprisoned judgment debtor for his discharge, under article 6, title 1, chapter 5, part 2, Revised Statutes, will be denied, where it appears that a few days after his arrest he was adjudged a bankrupt, on his own petition. Such party cannot put it out of his power to obey the orders of the state court, and then ask that court to discharge him from imprisonment.

But if it should appear that, without any fault on his part and against his will, all the property which he had at the time of his arrest had been taken away from him, whilst imprisoned, the court would not refuse him a discharge.

*Special Term, December,* 1878.

VAN HOESEN *J.* — Fitzgerald was arrested on the 21st day of August, 1878, upon an execution against his person, issued on a judgment against him, recovered by H. K. & F. B. Thurber. On the thirtieth day of August he was adjudicated a bankrupt, on his own petition, and, on the eighth day of November last, he presented to this court a petition praying for his discharge, under section 6, title 1, chapter 5, part 2, Revised Statutes. His application for the discharge is opposed by the Thurbers, who insist that, as he has made an assignment to the assignee in bankruptcy of all the non-exempt property he had at the time of his arrest, he cannot possibly comply with the state law, which requires that, in order to be discharged from arrest, he shall assign that very

Matter of Fitzgerald.

property for their exclusive benefit. Under the state law the Thurbers, who caused his arrest in their action, are entitled to be paid in full out of his property, if there be sufficient for that purpose; but, since he made his assignment in bankruptcy, he has no property which he can turn over to any assignee appointed by this court.

It is idle, therefore, for him to ask from a state court relief which it has no power to give, except upon his making an assignment of property which has passed irrevocably beyond his control. It is true that if it should appear that, without any fault on his part, and against his will, all the property, which he had at the time of his arrest, had been taken away from him whilst imprisoned, the court would not refuse him a discharge. But he is in no such situation. His property was assigned by him of his own free will, with a view to his own personal advantage. It was assigned in a lawful manner, and in conformity with the bankruptcy act; but, by his going into bankruptcy, there was an election on his part to get the benefit of a discharge from his debts in bankruptcy, instead of a discharge from imprisonment in the action between himself and the Thurbers. Having made that election, he can only get such relief as the bankruptcy courts can afford him. He cannot put it out of his power to obey the orders of the state court, and then ask that court to discharge him from imprisonment. It is his own act that has made it impossible for him to execute an assignment that will be any thing more than a nugatory formality. In *Dinkerhoff* agt. *Ahlborn* (2 *Abbott's New Cases*, *p.* 73), Ahlborn, an imprisoned judgment debtor, who, after his arrest under an execution from a state court, was adjudicated a bankrupt, found it necessary to obtain from the United States court an order annulling the adjudication of bankruptcy, for the purpose of obtaining his discharge from imprisonment. The same course is open to Fitzgerald, though he is, of course, at liberty to continue his proceedings in bankruptcy, and to obtain such relief as a discharge in bank-

Matter of Fitzgerald.

ruptcy will afford him. The case of *Maas* agt. *O'Brien* (14 *Hun*, 95) goes far to support the position that the state court should not entertain such proceedings as these, after an imprisoned debtor has resorted to the United States courts. There is an irreconcilable conflict between the federal system of bankruptcy and the state insolvent laws, and the latter are compelled to yield. Where the federal courts lay their hands upon the property of an insolvent, it is impossible for the state courts to carry the insolvent laws into execution. It is folly for a state court to attempt to execute a part of the provisions of the state statutes, after a limited state's court has taken under its exclusive control the insolvent's estate, and thus prevented the carrying out of other provisions of the statute which are essential to the completeness of the system. The views I have expressed are not novel. They are in full accord with the decision in *The People ex rel. Gilsten* agt. *Brooks* (40 *How. Pr.*, 165).

The application for a discharge is denied.