EMANUEL CARPLES, Respondent, *against* ALBERT S. ROSENBAUM, Appellant.

(Decided June 7th, 1886).

In an action for services rendered by plaintiff as a bookkeeper in examin
ing books and papers so that he might give testimony for defendant in a
suit then pending against the latter, plaintiff did not claim that he was an
expert or possessed of other than ordinary skill as a general bookkeeper,
or that the examination required other than the ordinary proficiency of
a bookkeeper. *Held*, that instructions to the jury, allowing them, in
estimating the value of the services, to consider that the work was in-
tended to form the basis of testimony before the court, that a large
amount was involved, the nature and result of the controversy, the lia-
bility of defendant in that suit, and the importance of his success therein,
were erroneous.

APPEAL from a judgment of this court entered upon the
verdict of a jury and from an order denying a motion for a
new trial.

The facts are stated in the opinion.

*Samuel W. Weiss*, for appellant.

*E. J. Myers*, for respondent.

BOOKSTAVER, J.—The action was brought for services
rendered as a bookkeeper in an examination of books and
papers, so as to give testimony in an action then pending,
wherein defendant was sued by a former employé, for call-
ing him "an opprobrious name."

The answer admitted that plaintiff did render some ser-
vices, but denied that defendant promised to pay therefor,
or that they were worth the amount claimed; and set up
certain counterclaims which, in the view we take of this
case, it is not necessary for us more particularly to notice.

In his charge to the jury the learned judge said : "That
a charge had to be proved, and precisely, because it was in-

tended to form the basis of testimony before the court; that care was necessary, *and a large amount was involved in it.*" And again : " The plaintiff here, I believe, as I understand the testimony, admits that there were parts of seven days occupied in making this investigation, and for that he charges $1,000. It is for you to say whether you think that is a fair charge under the circumstances."

And, " at the request of plaintiff's counsel, the court charged : That in estimating the value of the plaintiff's services, the jury have a right to consider the amount in controversy involved in the Lustig action ; the character of the services as testified to by the parties."

Also, on like request, the court charged : " That the jury has a right to take into consideration, in estimating the plaintiff's services, the nature and result of the Lustig controversy, the liability of the defendant in that suit, and the importance of the success of defendant therein."

The defendant excepted to the portion .of the charge above quoted, and also to each of the above requests to charge.

As stated by the learned judge in his charge, the first intimation defendant had of the irregularities on the part of the former clerk, who was then suing defendant for damages in an action for slander, was from a statement made by plaintiff, who succeeded that former clerk as bookkeeper ; and that the defendant then asked plaintiff if he would substantiate these statements with evidence, if required, on the witness stand, and he said he would. That afterwards, having some difficulty with him, he called him the opprobrious name for which he was sued in an action for slander.

It appears from the evidence that, in that action, plaintiff had been subpœnaed as a witness to substantiate the statements made by him, years before, and which he had made after a former examination of defendant's books, while he was in his employ.

Plaintiff did not claim to be an expert or possessed of other than ordinary skill as a general bookkeeper, or that

the examination required other than the ordinary proficiency of a bookkeeper.

The books examined were an ordinary set of mercantile account books, covering a period of about one year. The time occupied five evenings and two Sundays; from two and a half to four and a half hours daily.

The slander action was never brought to trial, but was discontinued without the plaintiff being called as a witness.

At the time of rendering the services for which this action was brought, plaintiff was a bookkeeper, at a salary of $1,800 per year.

As we understand the rule, it is only in cases where professional services or skill of a high order, requiring much preparation or technical knowledge, is required, that the nature or importance of the controversy, the gravity of the matter in hand, or the importance of the results to be obtained, affect the amount of compensation to be charged or received therefor (*Harland* v. *Lilienthal*, 53 N. Y. 438; *Mathews* v. *Murchison*, 17 N. Y. Weekly Dig. 301).

The general rule of the law of compensation for services where none but ordinary skill is required, is reasonable pay for the work; that is, pay for the time and labor expended upon it (*Lewis* v. *Trickey*, 20 Barb. 387; *Darling* v. *Halsey*, 12 Hun 90; Wood on Master and Servant §§ 74, 79).

The amount must be predicated, either on evidence showing the usual rate for such service, or in the absence of such evidence, what the performer of the work ought reasonably to have in view of the labor performed and the value of his services to him, the servant's common wages.

The effect of the charge of the court, in respect to compensation, was that it was to be based, not upon the work performed, the time consumed in performing it, and a reasonable value of plaintiff's services, compared with his common wages, but upon the use defendant intended to make of the work, the purpose he had in view in having it done, and its possible effect upon matters entirely apart from the work, and upon the result of a controversy between defendant and a third party.

We think that this was error.

We also think that, in consideration of the matters above referred to, the verdict of the jury was excessive.

In view of the conclusions at which we have arrived upon these questions, it is unnecessary to examine the other questions raised in the case.

The judgment must therefore be reversed and a new trial ordered, with costs to abide the event.

ALLEN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.