ELIZA ANN SHAFFER, Respondent, *v.* JOSEPH H. RISELEY, Appellant.

| 114 | 23 |
| 118 | 2 5 |

*It seems* that where the affidavit annexed to a petition for his discharge presented by a person imprisoned upon execution, is not made on the day of the presentation of the petition, as required by the Code of Civil Procedure (§ 2204), but on a previous day, the court acquires no jurisdiction, and where an order of discharge granted thereon contains no recital of a compliance with this requirement, it is no protection to the sheriff; if, therefore, he obeys the order he renders himself liable for an escape.

Where, however, the petition in such a case was duly served upon the attorney of the judgment-creditor and he, as such attorney, appeared on presentation of the petition and application for the order of discharge, without raising the objection, *held*, that this was a waiver thereof, and that it could not be raised thereafter in an action against the sheriff for an escape.

*Bullymore* v. *Cooper* (46 N. Y. 236) distinguished.

*Shaffer* v. *Risely* (44 N. Y., 6) reversed.

(Argued March 8, 1889; decided March 19, 1889.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made March 8, 1887, which reversed a judgment in favor of defendant, entered upon a verdict directed by the court.

The nature of the action and the material facts are stated in the opinion.

*John F. Cloonan* for appellant. The order of discharge served upon the sheriff was regular on its face, contained recitals of all the necessary facts to give jurisdiction to the court granting it, and of itself protects the sheriff in discharging the prisoner, whether jurisdiction actually existed or not. (*Devlin* v. *Cooper*, 84 N. Y. 410; *Goodwin* v. *Griffis*, 88 id. 629, 633, 634; *Hart* v. *Du Bois*, 20 Wend. 236; *Weber* v. *Gay*, 24 id. 485; *People* v. *Warren*, 5 Hill, 440; *Chegaray* v. *Jenkins*, 5 N. Y. 376; *Savacool* v. *Boughton*, 5 Wend. 171.) The court had jurisdiction and the order not only protects the sheriff, but is valid and binding upon every party to the proceeding. (Code of Civil Pro. §§ 2201, 2205; *Richmond* v. *Priam*, 24 Hun, 578; *Hart* v. *Du Bois*, 20 Wend.

236.) The act of the plaintiff, by her attorney, in appearing generally in the proceeding, in not objecting to the jurisdiction of the court in permitting the order discharging the 'prisoner to be served upon a public officer, who acted in good faith under it, constitutes a waiver and is a bar to recovery in this case. (*Hart* v. *DuBois*, 20 Wend. 236; *Olcott* v. *Maclean*, 73 N. Y. 223, 225; *Ward* v. *Craig*, 87 id. 550, 557, 558; *Hilton* v. *Fonda*, 86 id. 339; *In re Cooper*, 93 id. 507; *Poffinger* v. *Yutte*, 102 id. 38; *Carpenter* v. *Minturn*, 65 Barb. 293; *People* v. *Bancker*, 5 N. Y. 106; *Dake* v. *Miller*, 15 Hun, 356; *Phyfe* v. *Eimer*, 45 N. Y. 102; *Johnson* v. *Oppenheim*, 55 id. 291.) Recitals contained in the record of the proceedings for the discharge of the insolvent debtor are presumptive evidence of the facts therein contained. (*Lewis* v. *Penfield*, 39 How. 491; *Rowe* v. *Parsons*, 6 Hun, 338; *Ferguson* v. *Crawford*, 70 N. Y. 253; *People ex rel. Frey* v. *Worden*, 100 id. 26.) Plaintiff being a party to the proceeding, in the absence of all other evidence, is absolutely bound by the record of those proceedings. (Greenleaf on Ev. [12th ed.] § 523; *Nemetty* v. *Nalor*, 100 N. Y. 569; *Wood* v. *Jackson*, 8 Wend. 9; *Castle* v. *Noyes*, 14 N. Y. 329.) The judgment is valid and continued in full force and effect notwithstanding the discharge. (Code of Civil Pro. § 2213; *Prussia, Overseer, etc.*, v. *Brown*, 9 State Rep. 629; *Browne* v. *Bradley*, 5 Abb. 141.)

° *William Lounsbery* for respondent. The order of the county judge, made on the 17th day of March, 1885, directing the discharge, does not recite the proceedings necessary under the Code to vest the court with jurisdiction. (*Bullymore* v. *Cooper*, 2 Lans. 71; 46 N. Y. 236, 243; *Richmond* v. *Priam*, 24 Hun, 578; *Develin* v. *Cooper*, 84 N. Y. 414; *Goodwin* v. *Griffis*, 88 id. 637.) The affidavit to the petition was defective, not having been subscribed and taken by the petitioner on the day of the presentation of the petition. (Code, § 2204; *Browne* v. *Bradley*, 5 Abb. 141; *Bullymore* v. *Cooper*, 2 Lans. 71; *Richmond* v. *Priam*, 24 Hun, 578.)

The recital on the orders that they were granted " after hear-ing D. W. Sparling, attorney for said plaintiff," does not imply the consent of the plaintiff. (*Hart* v. *Du Bois*, 20 Wend. 236 ; *Richmond* v. *Priam*, 24 Hun, 578.) The affidavit was a necessary step to be taken that could not be waived by implication. Any act short of actual consent was ineffectual. (*Johnson* v. *Oppenheim*, 55 N. Y. 291.) The writing of the order was not the act of the petitioner, who took it from the court, and if he is to avail himself of anything said or not said by the plaintiff's attorney, he should have stated it in the order, by way of admission or waiver. (*Davis* v. *Packard*, 7 Peters, 276 ; 8 id. 314 ; *Valarino* v. *Thompson*, 7 N. Y. 576 ; *Coffin* v. *Reynolds*, 37 id. 640.)

BRADLEY, J. The defendant was sheriff of the county of Ulster. This action was brought to recover for an alleged escape of one Samuel H. Palmer, who had been imprisoned in the jail of that county, upon execution issued on a judg-ment recovered against him by the plaintiff. The defendant discharged Palmer from such imprisonment pursuant to an order of the County Court of the county of Ulster, in which such judgment was recovered. The ground upon which the plaintiff relies to support the action is that it appeared neither by the recitals in the order nor by the proceedings in which it was made that the County Court had jurisdiction to make it. The order did not recite all the facts requisite to jurisdiction. And by reference to the proceedings had in the County Court, it appears that the provisions of the statute were complied with except as to the time of making the affidavit annexed to the petition. The statute requires that such affidavit be made on the day of the presentation of the petition. (Code of Civ. Pro. § 2204.) It was not then made, but was made seventeen days before that day. The rule applicable to such cases is that the sheriff is protected in obeying the mandate of the order if it contain a recital of all the facts requisite to the jurisdiction of the court in the proceeding in which the order

SICKELS—VOL. LXIX. 4

is made ; but if it fail to recite any of such facts, the officer is liable if he discharge the judgment-debtor unless he makes it appear that the court did, in fact, have jurisdiction to make the order. (*Bullymore* v. *Cooper*, 46 N. Y. 236.)

The failure to make, on the day of the presentation of the petition, the required affidavit, rendered the proceedings jurisdictionally defective. And unless such defect was in some manner obviated, the defendant, in the discharge of Palmer from imprisonment, became liable to the plaintiff as for his escape. There was no question of public policy involved, but the proceeding was one in which the parties to the judgment upon which the execution was issued were alone interested. The imprisonment of a judgment-debtor in a case where it is allowable, is within the remedies provided for the benefit of the creditor for the collection of his judgment. The plaintiff's right was, to have the execution effectual, to retain Palmer in custody until he should be lawfully discharged. The judgment-debtor sought to so obtain his release, and for that purpose instituted by petition, in due form, the proceeding for his discharge from custody. This petition, with the proper notice, was served as provided by the statute, upon the plaintiff's attorney, whose name was subscribed to the execution. (Code, § 2206.)

He, as such attorney, appeared in the proceeding on the presentation of the petition, when the order was made directing the sheriff to bring Palmer before the court and upon the application for the order for his discharge, as appears by the orders. The question arises whether by such appearance and taking part in the proceeding the defect referred to was waived on the part of the plaintiff and the order directing the discharge of Palmer rendered valid. The court had general jurisdiction of the subject-matter, and in such case, as a general rule, the general appearance of a party waives, as to him, any want of jurisdiction of the person, unless the objection in that respect is specifically made.

It does not appear that any such objection was taken by the plaintiff's attorney, and, while it cannot be assumed that he

consented to the making of the order in question, his opposition may be deemed to have been made on the merits as distinquished from objection to the jurisdiction of the court founded upon the defect above mentioned. The mere opposition of the attorney to the making the order may have been treated by the court as made in the proceeding to the discharge of the imprisoned debtor, rather than as an objection to the proceeding or to the power of the court to entertain it; and such may fairly be taken as the import of the action of the attorney so far as it is made to appear by the order. This represents him as appearing generally, and it in no manner appears in the record that he made the specific objection now sought to be raised to the proceeding. It cannot, therefore, be assumed that such objection was taken, and having failed to make it or to call the attention of the County Court to it, the plaintiff cannot take advantage of the particular defect in the proceedings, but it will be deemed to have been waived. (*People* v. *Bancker*, 5 N. Y. 106; *Hilton* v. *Fonda*, 86 id. 340; *Stevens* v. *Benton*, 2 Lans. 156; *Hart* v. *Du Bois*, 20 Wend. 236.)

No reason appears why the question of jurisdiction of the County Court to entertain the particular proceeding may not be thus effectually waived. We think the record permits the conclusion that it was done in this instance. It may be observed that in *Bullymore* v. *Cooper* there seems to have been no appearance of the creditor in the proceeding in which the order was made, and nothing was there waived.

These views lead to the conclusion that the order appealed from should be reversed, and the judgment entered on the verdict affirmed.

All concur, except PARKER, J., not sitting.

Order reversed and judgment affirmed.