(7 Misc. Rep. 467.)

## In re PATTON.

(Common Pleas of New York City and County, Special Term.    March, 1894.)

DISCHARGE OF IMPRISONED DEBTOR—PETITION.

A petition by an imprisoned debtor for a discharge was accompanied by an account of his property, and the charges affecting it at the time he was first imprisoned, to which was annexed the following statement: "A just and true account of all my property and charges affecting it as it existed at the time my petition was prepared, to wit, March 6, 1894. There has been no substantial change in the condition of my property since I was first imprisoned." *Held* not a compliance with Code Civ. Proc. § 2203, which requires petitioner to annex to his petition, and present therewith, "a schedule containing a just and true account of all his property and of all charges affecting the same, as the property and charges existed at the time when he was first imprisoned, and, also, as they exist at the time when the petition is prepared."

Application by William L. Patton, an imprisoned judgment debtor, for discharge from imprisonment. Denied.

Oudin & Oakley, for petitioner.
Robert D. Honeyman, opposed.

GIEGERICH, J. It is essential to the jurisdiction of the court, in proceedings for the discharge of an imprisoned judgment debtor from imprisonment, that the papers upon which the application is founded should conform with exactness to the provisions of the statute. People v. Bancker, 5 N. Y. 106; People v. Brooks, 40 How. Pr. 165; Bullymore v. Cooper, 46 N. Y. 236; Shaffer v. Riseley, 114 N. Y. 23, 20 N. E. 630; Bish. Insolv. (2d Ed.) p. 87. The Code requires that the petitioner must annex to his petition, and present therewith, "a schedule containing a just and true account of all his property, and of all charges affecting the same, as the property and charges existed at the time when he was first imprisoned, and, also, as they exist at the time when the petition is prepared." Code Civ. Proc. § 2203. Before the court can direct an assignment it must be satisfied "that the petition and schedule are cor-

rect, and that the petitioner's proceedings are just and fair."
Id. § 2208. The petition herein is accompanied by an account of
the prisoner's property, and the charges affecting the same, at the
time when he was first imprisoned. There is also annexed the
following statement: "(3) A just and true statement of all my
property and charges affecting it as it existed at the time my
petition was prepared, to wit, March 6th, 1894. There has been
no substantial change in the condition of my property since I was
first imprisoned." This is the only statement contained in the
moving papers relating to the prisoner's property at the time of
preparing the petition, and, in my opinion, it wholly fails to com-
ply with the requirements of the provisions of the Code above
cited. Such is not the "just and true account" contemplated by
the statute. The facts, not the mere conclusion from facts, must be
set forth, in order that the court may determine whether the schedule
is correct, and whether the petitioner's proceedings are just and fair.
No facts in this regard having been presented, I am unable to de-
termine whether the assertion of the prisoner that there has been no
material change in the condition of his property since he was im-
prisoned be true or false. Application denied, with leave to renew
on sufficient papers.