# SUPREME COURT.

## HENRY C. STEVENS, respondent, agt. SETH F. BENTON, appellant.

When a party appeals from a justice's judgment for a *new trial*, he can, in the appellate court, raise all questions which were properly raised in the court below, (except such as were raised to proceedings which took place on the *trial* of the action,) as fully as he could do if the appeal were on questions of *law* only.

On an application to a justice of the peace for a *short attachment* under the act of 1831, the *affidavit* should state, not only that "no warrant can issue against the defendant," but the *facts or circumstances* to show that the demand is such that under the act no warrant can be issued against him; because in many cases of demand, a warrant may issue under the act of 1831, although it arose on contract. If the affidavit does not show how the demand arose on contract, the justice cannot judge whether a warrant can issue or not.

A justice of the peace cannot take jurisdiction to decide any question between the parties in the action, unless the defendant *appears* in such manner as to confer jurisdiction.

Where a *short attachment* is issued, under the act of 1831, and returned not personally served, a *special appearance* by the defendant, on the return day, for the purpose of objecting to the sufficiency of the affidavit upon which the attachment was issued, is not such an appearance as to give the justice jurisdiction to decide any objection between the parties. The appearance of the defendant required by the act, should be a *general appearance*, to confer jurisdiction.

It is only upon the return of process, which purports to confer jurisdiction, that the defendant can appear *specially* and object to the regularity of the process. An attachment not personally served, is not such process.

The only time the defendant can appear specially in such case, and object to the regularity of the attachment proceedings, is on the *return of the summons*. If the defendant then does not raise the objection, but voluntarily appears and joins issue upon the merits. and goes to trial, he cannot raise it in the appellate court.

In an action for work, labor and services, several witnesses were asked, "how much were the services of the plaintiff worth, with board?" Others were asked, "how much were his services worth, over and above his board?" *Held*, competent, although it did not appear that the witnesses were competent to speak of the value of his board. (*Following the deccision in the case of Lewis agt. Trickey*, 20 *Barb.*, 387.)

One of the plaintiff's witnesses being asked, "what was plaintiff receiving from Griffin?"—for whom plaintiff had worked at the same business previous to working for the defendant. *Held*, clearly improper. A new trial granted upon this exception.

*Fifth District, Syracuse, General Term, January,* 1870.

*Before* MORGAN, MULLIN, FOSTER *and* DOOLITTLE, *Justices.*

APPEAL from an order of the Oneida County Court, denying a motion for a new trial, upon the case and exceptions. The action was commenced June 17th, 1868, by short attachment proceedings against defendant as a non-resident, under 33d section of act to abolish imprisonment for debt. The defendant appeared on return of attachment, and objected to further proceedings on the ground that the affidavit, on which it was issued, was insufficient. Objection overruled, A short summons was issued returnable June 22d, 1868, when parties appeared and joined issue. The action was tried June 26, 1868, and judgment rendered for plaintiff for $126.25, damages, and costs $12.50. The defendant appealed to the county court of Oneida county for a new trial. At a term of Oneida county court, when called for trial, January 5, 1869, the defendant renewed the objection to the sufficiency of the affidavit on which attachment issued, subject to plaintiff's objection, and asked that the judgment be reversed on the ground stated. The motion was denied, and the defendant excepted. A jury was then empanelled and the action tried; it resulted in a verdict for the plaintiff, for $126.25. A motion was made in the county court upon the case and exceptions as settled, for a new trial; it was denied, and from the order denying the motion the defendant appeals to this court.

JNO. D. KERNAN, *for appellant.*

I. The question as to the sufficiency of the affidavit upon which the attachment issued, was properly raised in the justice's court.

(a.) It was raised at the proper time; at the first opportunity when under the statute the defendant could appear, and at a time when he had a right to appear generally, and hence to appear specially for the purpose af objecting.

" *Majus in se continet minus*". (*Laws of* 1831, *p.* 404, *Sec.*, 3S; *Conway* agt. *Hitchins*, 9 *Barb.*, 378, 381).

(*b.*) The objection was sufficiently specific to save the rights of the defendant. It substantially asked the justice to dismiss the proceedings, and the ruling was substantially excepted to so far as necessary in justice's court. A general objection is sufficient, where the objection could not have been obviated had it been specifically pointed out. (2 *Wait's Pr. p.*, 634; *Merritt* agt. *Seaman*, 2 *Seld.* 168).

(1.) The plaintiff understood the grounds of the objection, and did not ask that it be made more specific.

(2.) "In reviewing proceedings before justices of the peace, it is the province of the court to give them and all the acts of the parties upon the trial, a fair and reasonable construction, such as it may be supposed was intended by the parties, and understood by the court, and so as *to save and not destroy the rights of parties.* We are not to look for the same precision," &c. (*Wilson* agt. *Elwood*, 28 *N. Y.*, 119-20).

(*c.*) The objection was not waived by the defendant's subsequently joining issue and trying the case on the merits. This is well settled. (2 *Wait's Pr. p.*, 20, *and cases there cited*; 4 *Denio*, 71, 93).

(*d.*) It is assumed that the question will be here considered only as raised in the county court. None of the preceding objections were there raised to the renewal of the motion, and no objection was made in the county court to the broader presentation of the question there made; hence none of the preceding objections can be now raised.

II. The question as to the sufficiency of the affidavit on which the attachment issued, was fairly before the county court, when raised. The defendant did not waive the objection taken before the justice, by appealing for a new trial, and the return of the affidavit by the justice was official and proper.

(*a.*) Under the practice prior to the Code, parties could

have the *questions of law*, raised and passed upon in the court below, reviewed as well in appeal cases as in cases brought up by writ of *certiorari*. (*Bennett* agt. *Ingersoll*, 24 *Wend.*, 113 ; *Malone* agt. *Clarke*, 2 *Hill*, 657).

(*b.*) Admitting, however, that the case in the *5th of Hill*, (264,) overruled above cases, still, this is an appeal brought under section 352 of Code, and it cannot be doubted that under the Code it was intended by the legislature, in cases proper for a new trial, to transfer the case bodily from the justice to the county court; and after the cause is thus removed and in possession of the court, it must surely have power to review the *questions of law* raised and passed upon in the court below, and properly appearing upon the record.

(1.) The language of section 352 itself shows this to be so. It provides a new trial *absolutely* in cases such as this. The statement in the notice of appeal herein, that the defendant desires a new trial, &c., is superfluous. Without it, the notice of appeal and plaedings would call for new trial under the Code.

(2.) The proviso applies only to questions of law raised in the court below, which would not properly appear on the return, did the party appeal for a new trial, and not to those questions of law which do properly appear upon the return in such appeals. In appeals upon questions of law *only*, the justice returns the *testimony* in the court below ; in appeals for a new trial he does not, but returns the processes, &c., without the testimony, hence the appeal on questions of law is for the purpose of reviewing the judgment on the *testimony* taken below. (*Code, Sec.* 360, *as amended*, 1865 ; 1 *Wait, p.*, 90, *Sec.*, 360 ; 2 *Wait, ps.*, 799-800, 809-811).

(3.) The process is returnable only in appeals for new trials, hence objections to it can be reviewed only in cases where appeal is taken for a new trial. (*See references above*).

(4.) Unless this is true, a party who desires a new trial in

county court, and also a review of the rulings of the justice on objections taken before issue joined, must bring two appeals: one on a new trial and one on questions of law. But this cannot be so, for section 392 allows only one appeal, and if it allowed two the proceedings would be circuitous and unwieldly. A party would have to choose either a new trial and the loss of the objections taken below before issue joined, or a review of the rulings below, and the loss of a new trial. The result seems absurd and cannot be the intention of the legislature. (2 *Wait's Pr.*, 810, 811).

(*c.*) The return of the affidavit by the justice was official and proper. The affidavit is part of the *process*, and the process is expressly made returnable under the amendment of the Code passed April 25, 1869. (*See Code, Sec.*, 360, *as amended* 1865; *Laws* 1865, *p.*, 1289; 2 *Wait's Pr.*, 799, 809, 810, *&c.*)

III. The affidavit, on which attachment was issued, was insufficient on the grounds stated, and hence county court erred in refusing to reverse judgment, &c.

(*a.*) In addition to the facts set forth in the affidavit, it should have set forth *facts* and *circumstances*, which would have entitled the plaintiff to a long attachment had the defendant been a resident of the county. (*Laws* 1831, *Chap.* 300, *Sec.*, 33 ; *Then see Sec.*, 43 ; 3 *R. S.*, 5*th ed. p.*, 430, *Sec.* 26 ; 2 *R. S., ed.* 1829, *p.* 230 ; *Sec.*, 28, *and Sec.*, 35, *Ch.* 300, *of Laws* 1831 ; *See this question fully discussed* 2 *Wait Pr. p.* 126, 127, 149, 167, 168, 169, 170, *&c.* ; *Taylor* agt. *Heath*, 4 *Denio*, 597, 598, *a strong dictum at least in favor of defendant*).

(*b.*) The sufficiency of the affidavit is here in question *directly* not *collaterally*; the following decision is therefore, in favor of defendant, as the court therein says a more strict construction might be required on appeal. (*Bascomb et al.* agt. *Smith*, 31 *N. Y.*, 595, 605).

(1.) In the above case, 31 N. Y., 597, the general term held affidavit defective.

(c.) The affidavit is further insufficient for the reason that it does not state 'that the demand is not against a public officer, for monies collected &c.,' the statement that 'no warrant can issue, &c.,' is a mere conclusion of law. The affidavit should state the facts from which the court can draw the conclusion. (3 R. S., 5th ed., 462, Sec., 212, being section 30, of act of 1831 as amended 1840; Williams agt. Barnaman, 28 How., 60, 61 ; Morgan agt. House, 36 How., 326, 329).

(d.) The affidavit in this case would authorize and be the exact one required for the issuing of a short summons, if sufficient in stating " no warrant can issue," &c. (Waters agt. Whittemore, 13 Barb., 634; See Form, 2 Wait, 81, 82.)

(e.) Can it be that the same affidavit will authorize the issuing of an attachment? We submit not. The process of attachment in a justice's court is extraordinary, and can issue only on special application and upon the proof required by law; the summons is the ordinary process and issues on mere suggestion. This has always been held as between long summons and long attachment. Why not preserve the distinction as between short summons and short attachment? (Barnes agt. Harris, 4 Comst., 375 ; Ackerman agt. Finch, 15 Wend., 654, opinion COWEN, J.)

IV. The evidence of the witnesses, Stevens, Dygert, Long, Embley, O'Rielly and Dempster, Vance and Vary, was clearly incompetent as to the value of the services in question.

(a.) Admitting that each was competent as to his knowledge of the value of bartender's services. generally, still, they were, with the exception of Stevens, certainly incompetent as to their knowledge of the services in question. Hence the questions put by the plaintiff were improper, and should at least have been put hypothetically, leaving the jury to find whether the hypothetical facts, upon which the witness based his opinion, were true or not. (Harris agt. Panama R. R. Co., 3 Bosw., 7, 13; The Roch. & S. R.

*R. Co.*, agt. *Budlong,* 10 *How.* 289, 294 *and cases cited*; *Lamoure* agt. *Caryl*, 4 *Denio*, 370 ; *Scott* agt. *Lilienthal,* 9 *Bosw.*, 224).

(*b.*) Admitting that they were competent under point 1, still each of plaintiff's witnesses, Stevens, Dygert, Long, Embley, O'Rielly and Dempster, was asked his opinion of the value of the services, with *board* or *over board*. How could the jury know what they knew of the board or its value, or at what price they fixed its value ? We submit that this was wrong and the evidence was clearly incompetent. (2 *Wait's Pr. p.,* 496 ; *Lewis* agt. *Trickey*, 20 *Barb.*, 387 ; *Scott* agt. *Lilienthal*, 9 *Bos.*, 224, 229, *and cases cited*).

(*c.*) The evidence of Dygert, as to what plaintiff received at Griffins, was certainly improper to prove damages, or, in other words, the value of the services in question. This is so clear that it is useless to quote authorities. The answer had great weight with the jury, as may be seen from their inquiry of the court.

(*d.*) The foregoing evidence, if incompetent, necessarily influenced the verdict of the jury, and was the basis of the verdict, as there was no other evidence as to the value of the services, upon which the jury could base the verdict. Hence a new trial must be ordered. (9 *Bos.*, 231, 232).

V. The refusal of the court to charge as requested, was an error. A state of facts once proved, is always presumed to exist, until disproved. (1 *Greenleaf's Evi. p.,* 52 ; 15 *Johns.*, 505 ; 2 *Wend.*, 507).

VI. On retiring the second time the jury separated, and on returning into court should have been discharged. After agreeing to a sealed verdict improper in form, it is of course a fair inference that the jury separated and met at nine o'clock the next morning, to present their verdict so improper; after the foregoing facts they should have been discharged. After the foregoing facts and after again disagreeing on being polled to the sealed verdict, the jury should have been discharged. After the foregoing facts the jury

was necessarily excited, and under the charge of the court, it is a fair inference that the jury, or some of them, believed that, having signed the sealed verdict, they had no further right to disagree, but had only the right "to retire and amend their verdict, by finding the amount of damages in dollars and cents." The charge of the court was erroneous, and calculated to mislead the jury.

(*a.*) Admitting that no one of the foregoing irregularities was sufficient to vitiate the verdict, still, such a number, and succession of irregularities must have excited the jury, and caused some of them to agree under the belief that the verdict would be worthless.

VII. There must be a new trial, and in case the affidavit be held insufficient, there should be directions given to the county court to reverse the judgment upon the case being again brought on for trial.

S. J. BARROWS, *for respondent.*

I. The appellant being a non-resident of the county of Oneida, and in fact residing out of the state, at Fairhaven, Connecticut, and the demand of the respondent arising upon contract, a short attachment was a proper process to be issued in the case. (3 *R. S.*, *5th ed. p.* 462, §§ 215, 217; *Laws of* 1831, *chap.* 300, §§ 33, 35.) "A non-resident of the state should be sued by a short attachment, if any attachment is issued." (2 *Wait's Law and Practice,* 171; *Thompson* agt. *Sayre*, 1 *Denio*, 175,) and a justice of the peace can now issue an attachment for the sum of two hundred dollars. (*Laws of* 1861, *chap.* 158, § 53, *sub.* 4.)

II. The affidavit upon which the attachment was issued in this case, is fully sufficient in form and substance to give the justice jurisdiction. *It shows that the demand arises upon contract, the amount of the demand, that no warrant can issue, and that the defendant or appellant resides out of the county of Oneida.* This is a full compliance with and all

that the statute requires. (3 *R. S.*, 5th ed., p. 462, §§ 215, 217; *Laws of* 1831, chap. 300, §§ 33–35; *Taylor* agt. *Heath,* 4 *Denio,* 592, 597; *and see first part of opinion of court, Burnett* agt. *Brown,* 4 *Coms.,* 254.) " If an affidavit states that the plaintiff has a debt against the defendant, to a specified amount, arising upon contract, and that the defendant is a non-resident of the county, it is enough to warrant the justice in issuing an attachment." ( *Van Kirk* agt. *Wilds,* 11 *Barb.,* 529.) This case was decided at general term, in September, 1851, nearly eighteen years ago, and has never been questioned by this court, or the court of appeals, in any reported case that we can find. A large number of attachments must have been issued, and judgments perfected on the faith of this decision, and we submit that it should not now be lightly questioned as an authority. (*See also Bascom* agt. *Smith,* 31 *N. Y.,* 595, *the affiduait in that case at pp.* 596, 597, *and cases cited by counsel, pp.* 600, 601.) If the affidavit shows that the demand arises on contract, the amount of the demand, that no warrant can issue, and that the defendant resides out of the county, it will be a full compliance with the statute, and give the justice jurisdiction. . ( *Morgan* agt. *House,* 36 *How.,* 326; *Williams* agt. *Barnaman,* 19 *Abb.,* 69, 71.) The affidavit in this case contains all these facts.

The authority to issue an attachment under the 33d section of the act of 1831, *is in addition to the powers conferred upon magistrates in cases of attachment under the R. S.* Under the R. S. the affidavit is required to state the amount due, *and the grounds of the application, and the facts and circumstances establishing the grounds,* while under the act of 1831, §§ 33, 35, the affidavit need only state that the demand arises upon contract, the amount of the demand, that no warrant can issue, and that the defendant resides out of the county. (*Burnett* agt. *Brown,* 4 *Coms.,* 254, 255; *Morgan* agt. *House,* 36 *How.,* 326.) What is said on this subject in 2d *of Wait's Law and Practice,* at *pp.* 167, 168, 169 and 170,

should not be taken as an authority, as in ending his remarks, at page 170, he says: "I am aware that the construction which I have given to the statutes will require the statements of some facts which are not required in other books, nor by one of the adjudged cases, (meaning 11 *Barb.* 520.) But the construction which I have given seems to me to be the only correct one."

III. The question of the insufficiency of the affidavit, and of the jurisdiction of the justice in this case, was not properly raised before the justice, and is not properly, or legitimately before this court. If the appellant desired to raise that question he should, before appearing generally and joining issue, have called the attention of the justice to the alleged defects in the affidavit, and objected *specifically* to the *jurisdiction* of the justice, and asked to have the proceedings or action *dismissed* on that ground. (2 *Wait's Law and Practice*, 235, 19, 634.) That was not done. The only objection raised before the justice is to be found at *fol.* 26, and at no time was the justice asked to *dismiss* the proceedings or action for want of, or on the ground that he had not acquired jurisdiction. The affidavit having failed to properly raise the question before the justice, can not be allowed to raise it at this time in the case. Nor can he be heard to say, that he did object on some grounds before the justice, because the court will confine him to *the specific grounds and objections made.* (*Wait's Law and Practice*, 636, 637; *Sheldon* agt. *Wood*, 2 *Bosw.*, 269; *Newton* agt. *Harris*, 2 *Seld.*, 345; *Potter* agt. *Deyo*, 19 *Wend.*, 361; *Dunbane* agt. *Simmons*, 3 *Hill*, 609; *Smith* agt. *Hill*, 22 *Barb.*, 656.) Again: the appellant *waived* the insufficiency of the affidavit on which the attachment was issued, if it was at all insufficient, by appearing generally in the action at the return of the summons on the 22d day of June, 1868, joining issue, consenting to an adjournment, and going to trial on the 26th of June without objection. (2 *Wait's Law and Practice*, 19, *and cases there cited; Clapp* agt.

*Graves,* 26 *N. Y.,* 418, 421; *Osburne* agt. *Gilbert,* 52 *Barb.,* 158.)

IV. The renewal of the objection made before the justice by the appellant, in the county court, as well as the motion made, was properly overruled by that court, for the reasons stated in the third and last point; and the county court had no right to order that the proceedings of the court below be held of no effect, or to reverse the judgment of the justice, as requested by the appellant.

(*a.*) The affidavit upon which the attachment issued was good. (*See Second Point, and cases there cited.*)

(*b.*) The appellant had appealed from the judgment of the justice to the county court, and in his notice of appeal, *asked for and demanded a new trial.* By thus appealing and appearing generally, and noticing the cause for trial, he had waived any and all alleged defects in the affidavit, *and the county court was bound to try .the cause on the issue of fact joined before the justice.* (*Swartwout* agt. *Roddis,* 5 *Hill,* 118; *Wood* agt. *Randall,* 5 *Hill,* 264; *Malone* agt. *Clark,* 2 *Hill,* 657.)

(*c.*) If the appellant wants to review the rulings of the court below, he must appeal upon questions of law alone. (*Code,* § 352; *Laws of* 1865, *p.* 1287; 2 *Wait's Law and Practice,* 811, 800, 801.)

(*d.*) The statute is explicit as to the matters, or things, which the justice ought, and is directed to return. These are: 1. The process by which the action was commenced; 2. The proof of service thereof; 3. The pleadings, or copies of them; 4. The proceedings and judgment; 5. A true statement of the amount and notice of the claim litigated; 6. The notice of appeal. (*Laws of* 1866, *p.* 1842; 1 *Wait's Law and Practice,* 30, § 360; 2 *Wait's Law and Practice,* 861, 862.)

(*e.*) *The affidavit upon which the attachment issued, is not authorized or required to be returned by the justice, by law. It is, therefore, a mere unofficial statement of the justice. The*

*county court was right in disregarding it, and this court will not review its decision. (See same authorities last cited; Swartwout agt. Roddis, 5 Hill, 118.)*

V. There was no contract or agreement as to how much the respondent should have per month for the services rendered, and hence he can recover what they were reasonably worth (*Lewis* agt. *Trickey,* 20 *Barb.,* 387); and the value of services may always be proved by those competent to speak of such value, or by those who are acquainted with their value in the vicinity. (2 *Wait's Law and Practice.* 496 ; *Bokman* agt. *Palmer,* 15 *Barb.,* 550; *Lewis* agt. *Trickey,* 20 *Barb.,* 387 ; *Scott* agt. *Lilienthal,* 9 *Bosw.* 224.)

VI. The respondent's witnesses who were examined on that point, *were all* competent to speak of the value of the services rendered. They had all seen him working at the appellant's, lived in the same place and near where the services were rendered, and were well acquainted with that kind of business, and knew the value of such labor; and hence the questions put to the respondent and his witnesses were proper, and the county court did not err in overruling the objections made to the same on the grounds stated. *(See cases last above cited.)* And the appellant cannot complain of the form of the questions, since they all assume and concede that he boarded the respondent during all the time he was rendering the services for him. It could not be necessary for the respondent to prove that each witness knew the value of the board furnished, so long as it was assumed and conceded that the appellant furnished it, (*Lewis* agt. *Trickey,* 20 *Barb.,* 387,) and no witness could speak of the value of the board furnished, unless he had seen it and knew what it was; and if that is so, then it would be almost an impossibility for the respondent to prove the value of his services, from the difficulty he would have in finding persons who had seen the board and knew what it was.

VII. The question put to the witness at *fol.* 71, was com-

petent and proper. After the respondent left the employment of the appellant at $25 per month, and $1 for the Sunday work, he worked for Mr. Griffin several months in the same kind of business and in the same city, at $11 per week, and he left Griffin's to commence the fifteen and a half months' service for the appellant, and at his request. It was part of the same transaction, and it will be presumed that if the respondent was getting $11 per week at Griffins, he would not leave his employment and accept that of the appellant at $25 per month. *It was some evidence for the jury;* but if not, it could not do the appellant any harm, as the case shows that the services of the respondent were worth from $40 to $50 per month with board, and a new trial will not be granted for this alleged error, as there is abundant competent evidence to uphold the verdict. (*Bort* agt. *Smith*, 5 *Barb.*, 283; *Spencer* agt. *Saratoga and Washington R. R. Co.*, 12 *Barb.* 382; *Bank* agt. *Waterbury*, 13 *Barb.*, 116; *Andrews* agt. *Harrington*, 19 *Barb.*, 343; 1 *Hilton*, 199; 31 *How.*, 372.) *Besides, the ground of objection is insufficient and not properly stated.* (2 *Wait's Law and Practice*, 634, 636 and 637, and cases cited.)

VIII. The question put to the witnesses at *fols.* 117, 119, were competent and proper, and it was not error for the county court to overrule the objections made, *on the grounds stated.* The respondent had shown that his board, while at the appellant's, was worth only $2.50, or $3.00, per week; and the appellant had assumed a similar state of facts, and put the same kind of questions to his witnesses under proper objections made by the respondent, which were overruled by the court, and he should not now be allowed to insist on the objections to these questions, even if they are objectionable. The appellant induced the court, in the first place, to fall into the error, if it is error, and should not now complain.

IX. The offer of the appellant made at *fol.* 121, was properly overruled by the county court, on the objection made by the respondent thereto. It could not be competent, or at

all. material, for the appellant to show what his boarders at his *boarding house* paid per week for their board. The respondent took his meals in the *eating house* or *saloon*. This was not the *boarding house* where the boarders of the appellant had their board. The *boarding house* was one thing, and the *eating house,* or *saloon,* another and different place, or part of the business.

X. The refusal of the court to charge as requested by the appellant at *fol.* 122, was right. The request assumed a state of facts not proved in the case, and too much at variance with the whole case, as it then stood, to justify the court in granting the request. The respondent had worked for Griffin several months after he left the appellant's employment, on the 17th day of November, 1866, and there was not anything said when he left as to his returning, nor did he expect to return. It was for the jury to say, from the evidence in the case, whether the services in question were rendered on an old or new contract, or without any contract at all being made as to compensation, leaving the respondent to recover what his services were reasonably worth.

XI. It was not error for the county court to overrule the several objections, and motions made by the appellant, at *fols.* 126–132, and receive the verdict of the jury. The alleged irregularity, if any existed, cannot be reviewed in this court in this way. It should, in the first instance, be presented in the county court on affidavits, on a motion to set aside the verdict. But if this court should hold that it can review the alleged irregularity on this appeal, then it is submitted that no *sufficient irregularity* of the jury, or error of the county court, in receiving the verdict, appears to warrant this court in granting a new trial.

There is no pretence that the two jurors who separated, changed their minds, or verdict, while absent, or that they conversed with any one as to the case, or that the verdict is not just the same it would have been if the jury had not separated, or that the respondent is in any way connected

with or responsible for such separation. If this is so, why should the respondent be deprived of the verdict rendered in his favor? "The separation of a jury, after they have retired to deliberate, without the consent of the court, does not, *per se*, entitle a party to a new trial." "Where there is no reason to suppose that either party has been prejudiced by such separation, and when, during such separation, the jurors did not converse with any one concerning the cause, a new trial will not be granted on account of such separation, even though the motion be made before judgment perfected." (*Anthony* agt. *Smith*, 4 *Bosw.*, 503.)

That two of the jurors eluded the care of the constable, left the jury-room, and one of them remained all night at a neighboring tavern, (*Smith* agt. *Thompson*, 1 *Cow.*, 221, *note A*,) has been held not to be enough to set aside a verdict, if there be no suspicions of abuse. (*See also* 3 *Cow.*, 355; 4 *Cow.*, 26, 38; 5 *Cow.*, 283; 2 *Wend.*, 352; 3 *J. R.*, 252; 7 *J. R.*, 32; 4 *Barn. & Ald.*, 430.)

"Where a jury deliver a sealed verdict to the court, and on being *polled* one of them disagrees to the verdict, the judge may send the jury out again to agree on their verdict." (*Bunn* agt. *Hoyt*, 3 *J. R.*, 255. "A verdict will not be set aside for irregularity when the jury have separated after agreeing to a sealed verdict, and on coming into court one of the jury dissents to it, who subsequently, on the jury being sent out again, agrees to the verdict as originally rendered." (*Douglass* agt. *Tousey*, 2 *Wend.*, 352,) In the case at bar the jury were directed to bring in a sealed verdict, by the consent of counsel.

It is submitted that a new trial should be denied.

*By the court*, FOSTER, J.—On the 17th day of June, 1868, the plaintiff appeared before Dexter Gilmore, a justice of the peace, of the county of Oneida, and made oath in writing, that Seth F. Benton was justly indebted to him, on a demand arising on contract in the sum of two hund-

dred dollars over and above all discounts, &c. That Benton was not a resident of the county of Oneida, "*and that no warrant can issue against him on the demand of this deponent according to the act to abolish imprisonment for debt and to punish fraudulent debtors.*" He also gave bail pursuant to the said act and demanded that an attachment be issued.

The justice thereupon issued a short attachment in the usual form returnable before him, on the 19th day of the same month.

On the 17th day of June, the constable levied the attachment on certain personal property of the defendant, in the possession of one Battey, and served a copy of the attachment, and inventory of the property on Battey, as appeared by his return, and he further returned to the attachment that he did not find the defendant in the county, but that he was absent therefrom, and that he had no residence therein.

At the time and place mentioned for the return of the attachment, the parties were called by the justice, and the plaintiff appeared in person and by his attorney, and the defendant appeared by William P. Battey, *for the purpose of making objection to the process,* and was sworn as to his authority, and he objected to the attachment, on the ground that, the affidavit on which it issued was insufficient, and the attachment wrongfully issued. The justice overruled the objection; the counsel for the defendant declined to appear and answer generally, and the justice issued a short summons, returnable on the 22d of June. The constable returned the summons, with his return thereon, by which it appeared, that after diligent search, the defendant could not be found in the county, and had no residence therein.

On the 22d of June, both parties appeared and the plaintiff claimed against the defendant, in writing, for work, labor and services, done and performed for him by the plaintiff, and demanded judgment in the sum of $200.00. The defendant answered in, writing, denying the complaint, and

Stevens agt. Benton.

claiming that the work, labor and services, were performed by the plaintiff under a special contract for a specified sum. That the whole amount had been paid to him, and that there was a balance due, to the defendant of $5.64, which he claimed to recoup; but no objection was then taken to the sufficiency of the affidavit, on which the attachment was issued. Nor was any such objection afterwards made in the justice's court.

The action was afterwards tried before the justice and a jury, and a verdict was rendered in favor of the plaintiff for $126.25, for which judgment was rendered with costs.

The defendant appealed to the county court, and in his notice of appeal, desired *a new trial* in that court, and stated as grounds of appeal that the judgment was contrary to the law and evidence of the case. That the justice erred in refusing to non-suit the plaintiff, and in the admission of evidence, and that the judgment should have been more favorable to the defendant.

In the county court, when the case was called for trial, the counsel for the defendant moved that the judgment of the justice be reversed, on the ground that the affidavit on which the attachment issued was insufficient, in that it did not sufficiently set forth the *facts and circumstances* upon which the application therefor was founded; and that in addition to the facts and circumstances set forth, it should have set forth facts and circumstances, which would have entitled the plaintiff to a long attachment, had the defendant been a resident of the county. The counsel for the plaintiff objected to the motion, upon the ground that it had been waived by appealing for a new trial, that the affidavit cannot be returned by the justice, and if returned, it is unofficial, and this court cannot act upon it, and that by appealing for "*a new trial,*" the defendant waived all objection to the sufficiency of the affidavit upon which the attachment issued, and was estopped from raising the question at that time, in that court.

The court denied the motion, and the defendant's counsel excepted.

It is quite clear that the county court, in denying the motion of the defendant's counsel, did not do so because the notice of appeal called for a new trial, for it had just before decided to entertain the motion, and in doing so had over-ruled precisely the same objections of the plaintiff's counsel as those above stated, and I have no doubt that in over-ruling the objection of the plaintiff's counsel the court was correct. The statute authorizes a party to a judgment in a justice's court to appeal to the county court upon questions of law *only*, in which case no retrial is had, but the questions of law are to be decided upon the evidence and proceedings had before the justice, as returned by him. Or, he may appeal for a new trial, in which case the justice does not return the testimony taken before him, but returns "the process by which the action was commenced, with the proof of service thereof, and the pleadings, or copies thereof, the *proceedings* and judgment, together with a brief statement of the amount and nature of the claims litigated." While an appeal on questions of *law only* the justice returns the "testimony, *proceedings* and judgment." (*Code of Procedure*, § 360).

I think it is clear that, when a party appeals from a justice's judgment for a new trial, he can in the appellate court, raise all questions which were properly raised in the court below, (except such as were raised to proceedings which took place on the *trial* of the action), as fully as he could do if the appeal were on questions of law only. The return of the justice in such case, as we have seen, is quite as ample, except in regard to the testimony, as in the case of appeal on questions of law. · Indeed, unless the word proceedings covers everything that took place in the court below, except "testimony" and "judgment," the return in the case a new trial is asked for, is more comprehensive. For it contains in terms all that is provided for in a return

on an appeal on questions of law only, and also the "pro-cess," "proofs of service" and "pleadings." And yet I have no doubt that all these are covered by the word "proceedings," and that the returns in both classes of appeals are to be the same, except as to the testimony and rulings upon the trial.

The reason for the determination, by the appellate court of all questions of jurisdiction, and of regularity which arose in the court below is the same in both classes of appeals— and if all such questions do not come up, before the appelate court, on an appeal for a new trial, the aggrieved party must either bring two distinct appeals from the same judgment, which surely cannot be done, or else the statute does not give the party an opportunity in the court above, to retry all the questions which arose in the justices' court.

We do not know why the county court denied the motion to reverse the judgment, but it must have been either because it thought the affidavit, on which the attachment was founded, was sufficient or that the question was not properly raised before the justice.

If the question were before us for adjudication, I should have no hesitation in saying that the affidavit on which the attachment was issued was defective and did not give the justice jurisdiction to issue it. Not however, for one of the reasons stated by the defendant's counsel, that it did not state facts which as against a resident defendant would have authorized the issuing of a long attachment, for his proceeding was under the act of 1831, and did not as against a non-resident require proof of any fraudulent or improper act on the part of the defendant, to entitle the plaintiff to the attachment, but only that the demand arose on contract; that the defendant was not a resident of the county, and that no warrant under that act could issue against him—but I should hold it to be so because, there were no facts or circumstances set forth to show that the demand was such that under the act in question, no warrant could be issued against him.

No fact or circumstance appeared in the affidavit from which it could be inferred that a warrant could not issue, except that the demand arose on contract, and yet in many cases of demand, a warrant may issue under the act of 1831, although it arose on contract.

The affidavit should have shown how it arose on, contract, so that the justice could judge, whether a warrant could issue or not, but as it was the plaintiff swore to the law instead of the facts. Several authorities are cited on, this question, and the result of them all, I think, supports the view which I have taken of it, but I need not cite them, for in my judgment no such question was in the case.

When the question was raised before the justice, there had been no service of the attachment, even admitting that it had been regularly issued—which would of itself give the justice jurisdiction of the parties.

The 37th section of the act in question provides, that if the attachment shall be returned personally served on the defendant, the justice shall on the return day proceed to hear, &c.

The 38th section provides, that if at the return day, it shall appear by the return that property was attached, and that a copy of the inventory and attachment was not personally served and the defendant shall not appear, the plaintiff may take out a summons against the defendant, and if such summons shall be returned, that the defendant cannot be found after diligent inquiry, or that the same has been personally served upon the defendant, then, in either case, the justice shall proceed to hear, &c., as upon a summons returned personally served.

The ojection to the sufficiency of the affidavit was taken on the return of the attachment not personally served.

The statute which I have set out authorized the justice to then proceed and hear the case, if the defendant appeared, and by appearance the statute meant a general appearance, for without *such* appearance, no jurisdiction was acquired.

Stevens agt. Benton.

And without such an appearance the defendant had no standing in the court, any more than he had at any time after the issuing of the attachment and before the return thereof, and the justice could not take jurisdiction to decide any question between the parties unless the defendant appeared in such manner as to confer jurisdiction; and if the defendant did not so appear, the only thing which the justice could do, as such, was to issue a summons in pursuance of the 38th section of the act. It is only upon the return of process, which purports to confer jurisdiction, that the defendant can appear specially and object to the regularity of the process.

In my judgment, the only time the defendant could appear specially, and object to the regularity of the attachment proceedings, was on the return of the summons, and he could then have claimed that the attachment was irregular and jurisdiction was not conferred over him. This he did not do, but he appeared there generally, and he voluntarily joined issue in the action upon the merits. If the objection in question had been taken then, and overruled, his immediately thereafter joining issue upon the merits, would not deprive him of the right to renew the objection in the county court, and also here.

He did not do so, but chose to raise it at a time, and in a way, which did not legally authorize the justice to pass upon it. And for aught that appears, the justice may have overruled his objection for the reason, that he had not then the right to determine the question. At all events, he should have raised the question on the return of the summons, and by joining issue then without objection, he conferred jurisdiction, if without that, it had not been previously acquired.

A jury was impanneled and on the trial it appeared that the plaintiff had been employed by the defendant as a bartender at his saloon and eating house. That he had acted as such for almost fifteen months, and that while he was so employed the defendant boarded him. Several witnesses

were asked by the plaintiff's counsel, "how much were the services of the plaintiff worth with board?" Others were asked "how much were his services worth over and above his board?" All of which were objected to as incompetent evidence, unless the witnesses were competent to speak of the value of his board. All the objections were overruled, and the defendant's counsel excepted, and most of the witnesses answered, $40 per month. One answered $50, and most of them stated that, without board, his services would be worth $50, or upwards per month.

It is supposed by the defendant's counsel, upon the authority of *Lewis* agt. *Trickey*, (20 *Barb.*, 387), that the court below erred in admitting the testimony so objected to. In that case the action was brought to recover for the service of the plaintiff, who was an infant and was in the employ of the defendant for several years, during which time the defendant boarded and clothed him, and for a portion of the time sent him to school, and paid for his tuition. And the question really was, whether witnesses for the defendant, could be allowed, without any knowledge, so far as appeared, of the expense of the board, clothing, schooling, or loss of the time of the plaintiff, while so attending school, could be allowed to tell in gross what the services of the plaintiff were worth per year, or during the whole time that he was in the defendant's employment, over and above such board, clothing and tuition. There is some uncertainty as to the precise questions before the court in that case.

In the statement of the case it appears, that the questions were " what in your opinion were the services of the plaintiff worth to the defendant the first year, *under the circumstances he was placed in*, besides his board? And " what in your opinion were his services worth, over and above his board, during the whole time the plaintiff was with the defendant?" But JOHNSON, J., in delivering the opinion of the court, at page 391, says: " The defendant offered to

prove by his witnesses what the plaintiff's services were worth over and above his board, clothing and schooling, furnished by the defendant without proving or offering to prove, that the witnesses knew the quantity or value of either item, as seemed by the question to have been furnished."

In that case the plaintiff was allowed, against objection, to ask a witness "what were the services worth in your judgment?" and the witness answered, "I should think his services were worth about $12, for the last two years he worked there, for the third year about $10 per month, for the first and second years about $8 per month." And this necessarily included his board, and the witness was understood to answer, that these were the valuations for his services, over and above his board. And the supreme court affirmed the decision of the referees who tried the cause.

I do not perceive any essential difference between the questions presented here and that presented in the case referred to. Here to be sure, the words "over and above," or "with" board, are expressed in the question.

There they were implied, but the substance was the same, and called for the same answer.

If a person hired another by the month, to labor for him and to be boarded in his family, without any specified price to be paid for the labor. Would he be allowed to diminish the price which he was to receive, below the ordinary price of such labor, by proving that he furnished him with better board than was usually furnished to such laborers.

Or would the employee be allowed to enhance the price per month, by proving that his fare was below that usually furnished in such cases?

It seems to me that the words "with board" and "over and above board," used in this case, tended to simplify the question, and render more clear the answer which should be given, and that the ruling of the court below, in that respect was correct.

It appeared that the plaintiff had worked for the defendant in the same business, before the time in question, and that after the plaintiff left the defendant's employ last, before the time in question, he worked for one Griffin, in a like employment, and the plaintiff's counsel asked one of his witnesses "what was plaintiff receiving from Griffin?" This was objected to by the defendant's counsel as an improper mode of proving damages. The court admitted the testimony and defendant's counsel excepted, and the witness answered, "he was receiving $11 per week and dinner, &c." This evidence I think, was clearly incompetent. If it was for the purpose of showing that to be a fair value for the services of the plaintiff, while in the employ of the defendant, it was improper; and if it was designed to show that it afforded evidence that the defendant must have agreed to pay the plaintiff as much as that, it was equally improper. In the strong conflict of testimony, upon the question of the value of the services, it is impossible to say that it did not affect the result. Indeed, it would seem that it did, for after the jury had retired, they in a short time returned into court, and requested the court to instruct them "as to whether the plaintiff left Griffins, to commence the services in question for the defendant?" And the court thereupon read to them from his minutes the evidence relating thereto. I think, for this error a new trial should be granted, costs to abide the event.

The other judges concurring new trial granted, costs to abide event.