Garlock agt. James.

## ONEIDA COUNTY COURT.

WASHINGTON GARLOCK, respondent, agt. PHILIP JAMES, appellant.

*Justices' court — Jurisdiction — Non-resident — Short attachment — what must be alleged in affidavit.*

Prior to 1831 *non-residents* could only be proceeded against by either a *warrant* or *long attachment*. Either process might be used in the commencement of suits against *non-residents* previous to the act of 1831.

By the act of 1831 no new process for the commencement of actions against *non-residents* was created. This act withdrew from use (except in a few excepted cases) the warrant previously available against *non-residents*, and extended for use against them a summons, the use of which hitherto had been prohibited, and also shortened the time for the return of both the summons and attachment.

In order to have the benefit of an attachment against a *non-resident* the applicant must aver the facts that are necessary to be now averred to entitle a party to a long attachment, and superadd to that the facts which change the time for its return from not less than six nor more than twelve days to not less than two nor more than four days. In other words aver what is necessary to change it from a *long* to a *short attachment*.

The affidavit must also give *facts* from which the justice (to whom the application for a *short attachment* against a *non-resident* is made) could judicially determine that the case is one in which a warrant could not issue, or at least it must furnish the best evidence attainable of the fact that a warrant could not issue.

In an action brought in a justice's court against a non-resident by a *short attachment*, the affidavit on which the attachment was obtained read as follows: "ONEIDA COUNTY, ss.: W. G., being duly sworn, deposeth and saith that P. J. is justly indebted to this deponent on a demand arising upon contract in the sum of seventy-six dollars or more over and above all discounts which the said P. J. may have against him. And deponent further saith that the said P. J. is not a resident of the county of Oneida, and that no warrant can issue against him on the

Garlock agt. James.

demand of this deponent according to the act to abolish imprisonment for debt and to punish fraudulent debtors. "

*Held,* that the attachment was improperly issued because the affidavit does not state *facts and circumstances* which, under section 26, article 2, title 4, chapter 2, part 3 of the Revised Statutes, or under section 34 of chapter 300 of the Laws of 1831, would entitle the plaintiff to a long attachment.

*Held,* also, that the affidavit is defective, in that it does not give facts showing how the demand of the plaintiff arose upon contract, and that it states no *facts or circumstances* showing that the demand is not one in which a warrant could be issued against the defendant.

*Law Term, Utica, October,* 1877.

*W. V. B. McGraw,* for respondent.

*S. M. Lindsley,* for appellant.

R. O. JONES, *County Judge.*— This is an action brought in justices' court before D. GILLMORE, Esq., a justice of the peace of the city of Utica, against a non-resident by a short attachment which was not personally served; the defendant failing to appear on the return thereof a short summons was issued, and on the return of that, the same not having been personally served, there was no appearance by the defendant and the plaintiff proceeded with the case and took a judgment against the defendant for eighty-one dollars and seventy cents, damages and costs, and from which judgment an appeal was taken to this court on questions of law. The appellant (the defendant) rests his right to a reversal of that judgment upon the fact that the affidavit upon which the attachment was issued was insufficient to confer jurisdiction upon the justice to issue the warrant of attachment. The affidavit reads as follows, to wit:

"ONEIDA COUNTY, ss.: Washington Garlock, being duly sworn, deposeth and saith that Philip James is justly indebted to this deponent on a demand arising upon contract in the sum of seventy-six dollars or more over and above all discounts which the said Philip James may have against him.

And deponent further saith that the said Philip James is not a resident of the county of Oneida, and that no warrant can issue against him on the demand of this deponent according to the act to abolish imprisonment for debt and to punish fraudulent debtors.

(Signed)          WASHINGTON GARLOCK.

Subscribed and sworn to before me, this }
      1st day of July, 1874.          }

          D. GILLMORE,
              *Justice of the Peace.*"

It is claimed by the appellant, first, that the attachment was improperly issued because the affidavit does not state facts and circumstances which, under section 26, article 2, title 4, chapter 2, part 3 of the Revised Statutes, or under section 34 of chapter 300 of the Laws of 1831, would entitle the plaintiff to a long attachment (so called); second, that the affidavit is defective, in that it does not give facts showing how the demand of the plaintiff arose upon contract, and that it states no facts or circumstances showing that the demand is not one in which a warrant could be issued against the defendant.

Now, in order to determine the questions, I will refer to the provisions of the statute bearing upon the question and see what light they will shed on the subject.

Section 11, article 2, title 4, chapter 2, part 3 of the Revised Statutes, reads as follows: " Suits may be instituted before a justice either by the voluntary appearance and agreement of the parties or by process. When by process it shall be either a summons, a warrant or an attachment."

Section 13 of the same article reads as follows: " The first process against freeholders and against inhabitants having families, except as otherwise hereinafter directed, shall be a summons, but no person shall be proceeded against by summons out of the county in which he resides."

Section 14 of the same article reads as follows: " A summons shall be directed to any constable of the county where

Garlock agt. James.

the justice resides, commanding him to summon the defendant to appear before the justice who issued the same at a time and place to be named in such summons, not less than six nor more than twelve days from the date of the same, to answer the plaintiff in the plea, in the same summons to be mentioned."

Section 17 of the same article reads as follows: "A justice shall, upon application, issue a warrant in the following cases:

First. Where the defendant is a non-resident of the county.

Second. Where the plaintiff is a non-resident and tenders to the justice security for the payment of any sum which may be adjudged against him in the suit.

Third. When it shall appear to the satisfaction of the justice by the affidavit of the applicant, or of any other witness, that the person against whom such warrant is desired is about to depart from the county with intent not to return thereto.

Fourth. Where the defendant is an inhabitant of the county, having a family, or a freeholder of the same county; and it shall, in like manner, appear to the satisfaction of the justice that the plaintiff will be in danger of losing his debt or demand unless such warrant be granted."

Section 18 of the same article reads as follows: "A justice may, upon application, issue either a summons or warrant at his option.

First. Against a defendant residing in the same county who is neither a freeholder of the county nor an inhabitant having a family.

Second. Against the defendant upon whom a summons shall have been served only by leaving a copy, or in any other way than by reading or delivering a copy to him personally, and who shall not have appeared at the time and place appointed in such summons, nor shown good cause for not appearing. But the suit instituted by such summons shall be deemed discontinued unless the warrant be issued on the same day of the return of the first summons; and if so issued the suit shall be deemed to have been continued thereby."

Section 19 of the same article, reads as follows: "In all cases, an application for a warrant, except where the suit shall have been commenced by summons, the person applying shall, by affidavit, state the facts and circumstances within his knowledge, showing the grounds of his application, whereby the justice may the better judge of the necessity and propriety of issuing such warrant."

Section 26 of the same article reads as follows: "An attachment against the property of any debtor may be issued on application of a creditor, in the manner hereinafter prescribed, whenever it shall satisfactorily appear to the justice that such debtor has departed, or is about to depart from the county where he last resided, with the intent to defraud his creditors, or to avoid the service of any civil process; or that such debtor keeps himself concealed with the like intent."

Section 27 of the same article reads as follows: "Such application may be made by any creditor, or by his personal representatives, having a demand against such debtor personally, whether liquidated or not, arising upon contract, or upon a judgment rendered within this state, amounting to one hundred dollars, or any less sum."

Section 28 of said article is as follows: "Such application shall be in writing, and shall be accompanied by the affidavit of the creditor, or of his agent, in which shall be specified, as near as may be, the sum in which the debtor is indebted over and above all discounts to the person in whose behalf the application is made, and the grounds upon which the application is made, and the grounds upon which the application is founded, and the facts and circumstances. Such grounds shall be verified by the affidavits of two disinterested witnesses.    *    *    *"

Section 30 of the same article is as follows: "Every such attachment shall state the amount of the debt sworn to by the applicant, and shall command any constable of the county in which the justice resides,    *    *    *    and to make return of his proceedings thereon to the justice who issued the same, at

a time therein to be specified, not less than six nor more than twelve days from the date thereof."

Section 215, article 13, title 4, chapter 2, part 3, Revised Statutes (*vol. 3, Banks' 6th ed. of Rev. Statutes, p.* 433, *sec.* 215) reads as follows : " No execution issued on any judgment rendered by any justice of the peace upon any demand arising upon contract, express or implied, or upon any other judgment founded upon contract, whether issued by such justice or by the clerk of the county, shall contain a clause authorizing an arrest or imprisonment of the person against whom the same shall issue, unless it shall be proved by the affidavit of the person in whose favor such execution shall issue, or that of some other person, to the satisfaction of such clerk or justice, either : first, that such judgment was for the recovery of money collected by any public officer ; or, second, for official misconduct or neglect of duty ; or, third, for damages for misconduct or neglect in any professional employment." This last section is section 30, chapter 300 of the Laws of 1831, as since amended.

Section 216 of said article reads as follows : " No warrant shall issue against a defendant in any case in which, by the provisions of the last preceding section, an execution on the judgment recovered could not be issued against his body ; and whenever a warrant in such case shall issue, the like affidavit shall be required as for the issuing of an execution by the provisions of said section." The last preceding section referred to in this section is section 215, just quoted. This last section is section 31 of chapter 300 of the Laws of 1831.

Section 218 of said article reads as follows : " Whenever, by the provisions of the thirtieth (216) section of this act, no warrant can issue, and the defendant shall reside out of the county, he shall be proceeded against by summons or attachment, returnable not less than two nor more than four days from the date thereof, which shall be served at least two days before the time of appearance mentioned therein ; and if such defendant be proceeded against otherwise, the justice shall

Garlock agt. James.

have no jurisdiction of the cause." This section is section 33 of chapter 300 of the Laws of 1831.

Section 34 of chapter 300 of Laws of 1831 (section 219 of the said article above referred to) provides as follows : " In addition to the cases in which suits may now be commenced before justices of the peace by attachment, any suit for the recovery of any debt or damages arising upon any contract, express or implied, or upon any judgment for fifty dollars or less, may be so commenced whenever it shall satisfactorily appear to such justice that the defendant is about to remove from the county any of his property with intent to defraud his creditors, or has disposed of, secreted or is about to assign, dispose of or secrete any of his property with the like intent, whether such defendant be a resident or not."

Then follows section 35 of same chapter (section 220 of said articles last above referred to) with the following : " Before any attachment shall issue in such case, or in the cases provided for in article 2, title 4, chapter 2, part 3, Revised Statutes, the plaintiff shall, by his own affidavit or that of some other person or persons, prove, to the satisfaction of the justice, the facts and circumstances to entitle him to the same, and that he has such a claim as is specified in the last preceding section. * * * "

Then follows section 43 of chapter 300 of the Laws of 1831 (section 227 of said article last referred to) which reads as follows : "All the provisions of said title 4 not hereby expressly repealed, and not inconsistent with the provisions of this act, are hereby declared to be in full force and to apply to the provisions of this act so far as they relate to proceedings in courts before justices of the peace." Now from an examination of the statutes quoted by me it will be observed that prior to 1831 non-residents could only be proceeded against by either a warrant or long attachment. It may be questioned by some as to whether or not a non-resident could, prior to 1831, be proceeded against by long attachment. I fail to see why not. Section 11, first above quoted by me, provides

that suits might be instituted in justice's court by three different kinds of process, viz. : summons, warrant or an attachment. Section 13 above quoted only prohibits parties from being proceeded against by a long summons out of the county in which they reside. The right to commence an action by attachment is not confined to any particular class, but is open to all classes who come forward and furnish the requisite proof, and make their application in due form and furnish the requisite security. The case of *Dudley* agt. *Staples* (15 *Johns. R.*, 196) has not escaped my observation, but that is not an authority against the position taken, that a long attachment could, prior to the passage of chapter 300 of the Laws of 1831, issue against the property of non-residents. Section 31 of article 2, title 4, chapter 2, part 3 of Revised Statutes, as found in the first edition of the Revised Statutes of New York, provides as follows : " The constable to whom such attachment shall be directed and delivered shall execute the same at least six days before the return day ; and shall attach, take into his custody, and safely keep, such part of the goods and chattels of the defendant as shall not be exempt from execution, and as shall be sufficient to satisfy the demand of the plaintiff. He shall immediately make an inventory of the property seized, and shall leave a copy of the attachment and of the inventory, certified by him, at the last place of residence of the defendant ; but if the defendant have no place of residence in the county where the goods and chattels are attached, such copy and inventory shall be left with the person in whose possession the said goods and chattels shall be found." If it was not intended that a long attachment should then issue against non-residents, what was the use of the section last above quoted, providing a mode of service of such copy and inventory on a person who had no place of residence in the county ? Could such a person exist and be a resident of the county ? It would seem to be pretty clear that he could not. Then it must be that the section contemplated the service of such long attachment on non-resident defendants, and that right would now exist but for

section 33 of chapter 300 of the Laws of 1831, before quoted. By that section the legislature saw fit to say that the attachment then to be available against non-residents should be returnable in not less than two nor more than four days, instead of being in not less than six nor more than twelve days, as formerly. I do not think that section, by shortening the time for its return from six to four days, created any new process for the commencement of actions against non-residents. It withdrew from use (except in a few excepted cases) the warrant previously available against non-residents and extended for use against them a summons, the use of which hitherto had been prohibited. In removing such restriction as hitherto had stood in the way of the use of the summons against non-residents, the legislature shortened the time for the return of the summons. The object of the legislature in shortening the time for the return of the summons, and attachment to be issued against non-residents, doubtlessly was to enable non-residents thus proceeded against to have a more speedy trial than they could have received on a long attachment or summons, and thereby relieve them from expense to be incurred in waiting, and the object of the legislature in doing away with the warrant to the extent it did, was to do away with arrest for debt on process issuing out of justice's court, in connection with doing away with arrest for debt on processes issuing out of the other courts, as was done by that chapter. The summons was the common process against resident defendants. No affidavit or bond was necessary as a prerequisite to its issuing, after 1831. To obtain its use in the modified form for residents against non-residents, all that was required was proof that the defendant was a non-resident, and that no warrant could issue under the prohibition of said act of 1831. In order, of course, to prove that fact, proof would have to be given and not the mutual conclusions. In other words, not the opinions of the applicant, but facts, to the end that the officer might pass judicially upon the question. I conclude, therefore, that, in order to have the benefit of an attachment

Garlock agt. James.

against a non-resident, you must aver the facts that are necessary to be now averred to entitle a party to a long attachment, and superadd to that the facts which change the time for its return from not less than six nor more than twelve days to not less than two nor more than four days. In other words, aver what is necessary to change it from a long to a short attachment, so called. If it was not intended that those facts should be averred to obtain a short attachment (so called), what was the use of inserting the words, "whether such defendant be a resident of this state or not," at the end of section 34 of chapter 300 of the Laws of 1831, before quoted by me? A man who is not a resident of this state, I apprehend, cannot be a resident of any of its counties. It must be deemed that such expression as the last above quoted by me must have been intended for some purpose. If you hold that a short attachment, so called, can be issued without the allegations necessary for a long attachment to issue, of what use could the expression "whether such defendant be a resident of this state or not" be? Statutes are not to receive construction which will render useless and ineffectual some of their provisions, if the same are susceptible of a different construction, and which will accord or harmonize with the object of the statute. It does seem to me to have been the intention of the legislature to put both residents, who should become guilty of the things prescribed in the two sections for the issuing of attachments against their property, and non-residents, who should become guilty of like acts, on an equality with each other, so far as subjecting their property to attachment was concerned. If I am right in the view I have taken, that chapter 300 of the Laws of 1831 did not create a new process in the shape of a short attachment against non-residents, but only continued the old process of attachment then in use, though shortened as to the time of its return, I am further strengthened in the position that it is necessary to state the facts I have stated to entitle a party to the attachment (*Sec.* 43 *of*

*chap.* 300 *of the Laws of* 1831). The court of appeals, in *Bennett* agt. *Brown* (4 *Comstock*, 254), said that section rendered it necessary to make an affidavit and give a bond to obtain an attachment; the court failed to pass upon what was necessary to be alleged in the affidavit. If the short attachment, then, was not a new process, the creature of chapter 300 of the Laws of 1831, it must follow that said section 43 must be held to apply to the contents of the affidavit as well as that one shall be given. I am aware that affidavits, similar in form to the one in this case, where their sufficiency came up collaterally, have in many cases been assumed to be sufficient, the question raised in each of them, however, being some other than the question I have here discussed, except in the case of *Stevens* agt. *Benton* (39 *How. Pr.*, 13), and which case I shall refer to hereafter. The law I do not consider so settled by judicial authority that it is not open to examination in this case. It was not, says the learned judge who wrote the opinion of the court in that case, necessary to consider the question I have here considered to enable the court to dispose of the case, and it is apparent that the court did not pass upon the question in the case. The opinion expressed upon the question in that case was the individual opinion of the learned judge who wrote the opinion adopted by the court in the case. He does not give his process of reasoning leading him to the conclusion stated by him. In the absence of any knowledge of his process of reasoning leading him to an adverse conclusion to that I have arrived at, and not knowing how thoroughly he did examine the question, and feeling, as I do, that he may have overlooked some of the provisions of the sections here considered by me, I must adhere to the views I have expressed on the subject.

The second point taken by the appellant in the case is also fatal to the judgment of the plaintiff.

The affidavit is defective in a jurisdictional fact which is omitted from the affidavit. The affidavit does not give facts from which the justice could judicially determine that the

Garlock agt. James.

case is one in which a warrant could not issue, or, at least, it does not furnish the best evidence attainable of the fact that a warrant could not issue. For aught that appears in the affidavit upon which the attachment was granted, it may be that the demand arising upon contract specified therein was for the recovery of money collected by a public officer. An action based upon such a demand would be an action on an implied promise to pay over the same in the specific money collected or other current funds, or rather for damages for the breach of contract growing out of such implied promise. So "a demand for neglect in a professional employment" would be a demand arising upon contract, for every professional employment implies a promise on the part of the employed to be diligent and not to neglect his employment; and if he does neglect it the law steps in and says he shall respond in damages for any such breach thereof. The affidavit would be true in alleging, in either of such cases, the cause of action was upon contract; yet if the contract, out of which the cause of action grew, was one of those stated by me it would be a case in which a "warrant" could issue, and, therefore, a short attachment could not. The affidavit does not give facts showing what kind of a contract the cause of action grew out of. You have only the judgment of the party on it. Then could the justice, on the proof before him, say the case was not one in which a warrant might have issued? The only evidence he had was the mental conclusion of the plaintiff stated in the affidavit. That is not the best proof of the fact, and in fact is no legal proof whatever of the fact. If so the justice issued the attachment without authority of law. Facts and not mental conclusions should have been given to the end that the justice might have passed judicially upon the question with the facts properly before him. The appellant had the right, upon the argument of this appeal, to insist for the first time on the want of such proof, which he did do. It follows, for the reasons stated as to the two defects in the affidavit in this case, that the judgment appealed from must be reversed.

Judgment reversed, with costs.